RYDER, Judge.
The appellant, Thomas M. Coots, was convicted of two counts of aggravated battery and one count of leaving the scene of an accident involving injuries.
The appellant has raised several arguments on appeal, but we find merit only in his contention that the trial court erred in sentencing him as a habitual offender under section 775.084, Florida Statutes (1981).
The state gave notice to appellant that it would be seeking an enhanced penalty under section 775.084 on any sentence or sentences that the appellant might receive. After guilty verdicts were rendered on the charges against appellant, a hearing was held pertinent to the enhancement of appellant’s sentences. The state introduced an exhibit showing that appellant had a prior conviction for receiving and/or concealing stolen property in the state of Tennessee. The trial judge also mentioned at the hearing that the appellant had convictions in Tennessee for burglary, DWI and larceny. However, because the state apparently lacked formal evidence of these convictions, the trial judge, in enhancing appellant’s sentences, relied solely on the one conviction for receiving and/or concealing stolen property admitted into evidence at the hearing. The trial judge proceeded to enhance the two counts of aggravated battery from fifteen years each to thirty years each and the one count of leaving the scene of an accident with injuries from one year to two years. All sentences were noted as running concurrently.
Since the state presented only one out-of-state conviction at the hearing, and section 775.084(l)(a)l.b. requires two out-of-state convictions, we hold that the trial court erred in enhancing the appellant’s sentences. Miles v. State, 374 So.2d 1167 (Fla. 2d DCA 1979); Snead v. State, 367 So.2d 264 (Fla. 3d DCA 1979).
Accordingly, we affirm the judgment of the court, but vacate the sentence and remand for the purpose of sentencing appellant without enhancement.
HOBSON, A.C.J., and LEHAN, J., concur.