468 So.2d 255 (1985)
Tommy MARSHALL, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1043.
District Court of Appeal of Florida, Second District.
February 22, 1985.
James Marion Moorman, Public Defender, Bartow, and Deborah K. Brueckheimer, *256 Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant in this case was charged with and tried for kidnapping and sexual battery with a deadly weapon. He was convicted of the lesser included offense of sexual battery without a deadly weapon and was acquitted of kidnapping. The appellant appeals from the sentence imposed by the trial court. We reverse.
At sentencing the trial judge adjudicated the appellant an habitual offender pursuant to Section 775.084(1)(a)1.b, Florida Statutes. That statute requires, as our court has held in Coots v. State, 426 So.2d 1304 (Fla. 2d DCA 1983), two or more out-of-state convictions. The state presented evidence of only one out-of-state conviction at the sentencing hearing  a 1979 commercial burglary in Georgia. Although the appellant also had been arrested in Georgia for burglary and sexual battery, and those arrests resulted in the revocation of his probation, he was never convicted of those crimes. Therefore, he was improperly adjudicated an habitual offender.
In stating his reasons for departing from the sentencing guidelines, the trial court relied upon factors relating to the kidnapping and the use of a weapon in connection with the sexual battery. Reliance upon those factors was violative of Florida Rule of Criminal Procedure 3.701(d)(11), the Rule in effect at the time of sentencing, which stated that "[r]easons for deviating from the guidelines shall not include factors relating to ... [the] instant offense ... for which convictions have not been obtained."
The trial court, however, also included terrorization of the victim as a reason for departure. Psychological trauma inflicted upon the victim is a valid reason for departure. Green v. State, 455 So.2d 586 (Fla. 2d DCA 1984). This one clear and convincing reason is sufficient to uphold the trial court's departure from the guidelines. Webster v. State, 461 So.2d 965 (Fla. 2d DCA 1984).
Because the trial court erroneously applied the habitual offender statute, we reverse and remand for sentencing in accordance with the guidelines. The trial court at that time however may chose to depart from the guidelines if it finds departure appropriate.
DANAHY, A.C.J., and BOARDMAN, EDWARD F. (Ret.) J., concur.