472 So.2d 488 (1985)
Jerry Lee SLOAN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1718.
District Court of Appeal of Florida, Second District.
June 7, 1985.
Rehearing Denied July 10, 1985.
*489 J. Marion Moorman, Public Defender, and Douglas P. Chanco, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Karla J. Staker, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant, Jerry Lee Sloan, has sought review of his convictions and sentences for burglary of a structure and grand theft upon two grounds i.e. departure from the presumptive sentence contemplated in Rule 3.701 of the Florida Rules of Criminal Procedure and the claim that the state was improperly permitted to impeach its own witness.
We turn first to the appellant's attack upon the trial court's departure from the guidelines sentence. At sentencing, the scoresheet indicated twenty-four points with a recommended sentence of five years probation and six months in the county jail. It is readily apparent from the written reasons relied upon by the trial court in enhancing the appellant's sentence beyond the guidelines' range that it found the presumptive sentence to be inadequate punishment for the crimes committed by the appellant.
The clear and convincing reasons deemed by the trial court to warrant aggravation of the appellant's sentence are as follows:
1. While the Defendant was charged with Grand Theft as a Third Degree Felony, evidence at trial showed a loss to the victim in an amount in excess of Twenty Thousand Dollars ($20,000.00), which if so charged, would have constituted a Second Degree Felony.
2. The Defendant's testimony at trial was at such odds to the logical inferences from the evidence and the testimony of other witnesses, including an admitted co-defendant, that it was apparent to this Court that the Defendant was lying. While this Court realizes that a Defendant has the right to testify at his own trial, there is no such right to lie.
3. The crimes the Defendant was convicted of in this case occurred on November 13, 1983. His co-perpetrators, who pled previously were Michael Grant and Nicky Robert Chandler. Subsequent to conviction in this case, but before sentencing, the Defendant was tried for another Burglary of a Structure and Grand Theft occurring on October 26, 1983, only seventeen (17) days before the offenses sub judice, and involving the same two co-perpetrators. The Defendant was convicted on Trespass to a Structure only in that case.
4. Regardless of the outcome of that case, it could not have been scored under the Guidelines as it did not constitute a "Prior Record" as defined in Fla.R. Crim.P. 3.701(d)(5), however, the outcome and evidence in that case should be considered in determining whether the presumptive sentence under the Guidelines will accomplish the purposes set forth in Fla.R.Crim.P. 3.701(b)(2-4).
5. Having carefully weighed the above reasons in light of purposes of the Guidelines, *490 it was felt that the presumptive sentence under the Guidelines was not commensurate with the stated purpose that the penalty be commensurate with the offense and its surrounding circumstance.
6. The surrounding circumstances evidence that the Defendant along with his co-perpetrators, formed an organized group for the purpose of burglarizing businesses.
The trial court's reliance upon the retail value of the stolen goods, "in excess of Twenty Thousand Dollars ($20,000.00)," we find not to be a valid reason for aggravating the appellant's sentence. See Banzo v. State, 464 So.2d 620 (Fla. 2d DCA 1985). Moreover, embodied within that same ground is the trial court's comment to the effect that had the appellant been charged with grand theft in the amount of the retail value, it "would have constituted a Second Degree Felony." The presence of that comment within the stated ground more than supports our view that the trial court, at the very least, found the higher crime, for which there was no conviction, a significant element in the determination to depart from the presumptive sentence. Rule 3.701(d) of the Florida Rules of Criminal Procedure bars crimes without convictions from consideration in departure determinations. Marshall v. State, 468 So.2d 255 (Fla. 2d DCA 1985).
Similarly, the ground numbered 2 above is an impermissible predicate upon which to sustain departure. We find neither a difference nor a distinction between the trial court's characterizing a defendant's testimony as a "lie" or stating that he committed "perjury." In Trainor v. State, 468 So.2d 484 (Fla. 2d DCA 1985), we condemned as a departure ground the trial court's conclusion that the defendant had "perjured" himself during his testimony. Accord, Bowdoin v. State, 464 So.2d 596 (Fla. 4th DCA 1985).
Notwithstanding that we invalidate two of the reasons considered by the trial court to be sufficient for departure, we have held that if only one remaining reason is sound, i.e., clear and convincing, the enhanced sentence will be affirmed. Marshall v. State, 468 So.2d 255; Williard v. State, 462 So.2d 102 (Fla. 2d DCA 1985). Two factors relied upon by the trial court for departure are adequate and we affirm the sentence imposed upon the appellant. Prior to sentencing in the instant proceeding, the appellant was convicted of a trespass upon a structure, a crime committed with the same two persons who were involved with him in the criminal activity resulting in the present appeal. That presentencing conviction is barred by Rule 3.701(d)(5) of the Florida Rules of Criminal Procedure from being considered a "prior record" for sentencing purposes. It does, however, provide a clear and convincing basis for departure, especially in the circumstance where, as here, there is a demonstrated pattern of similar, if not identical, criminal behavior engaged in by a group composed of the same persons.
Finally, we reject the contention that the trial court erred in permitting the state to question one of the co-perpetrators, Grant, in connection with his prior inconsistent testimony. It is evident from the record that the state was not seeking to impeach Grant, but rather to bolster his credibility by revealing his earlier inconsistent statements. In Bell v. State, 473 So.2d 734 (Fla. 2d DCA 1985), we sanctioned that form of trial strategy, and found it not offensive to section 90.608, Florida Statutes.
Affirmed.
GRIMES, A.C.J., and SCHEB, J., concur.