498 So.2d 899 (1986)
Creed Martin VANOVER, Petitioner,
v.
STATE of Florida, Respondent.
No. 68254.
Supreme Court of Florida.
November 26, 1986.
*900 James Marion Moorman, Public Defender, Tenth Judicial Circuit, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for petitioner.
Jim Smith, Atty. Gen., and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for respondent.
ADKINS, Justice.
In Vanover v. State, 481 So.2d 31 (Fla. 2d DCA 1985), the Second District upheld Vanover's sentence, imposed in excess of the guidelines, and found the trial court's written reasons justifying such departure valid, clear and convincing. We find conflict with our decision of Hendrix v. State, 475 So.2d 1218 (Fla. 1985), and so exercise our jurisdiction under article V, section 3(b)(3) of the Florida Constitution. We approve in part and quash in part the decision under review.
Vanover was charged with two counts of aggravated battery after shooting each of two brothers visiting him in his home. The factual scenario underlying the shootings is somewhat unclear. According to the brothers' testimony, Vanover suddenly pulled his gun out from under a sofa cushion during the course of a casual conversation, backed up into the kitchen, and threatened to shoot one of the brothers. He then shot one of the brothers in the mouth. When the other returned from the bathroom, Vanover shot him as well. Both victims then fled from the house and sought treatment at a local emergency center.
Vanover, who had no prior criminal record and is fifty-three years old, testified that the brothers were aware that he had within his home $1,300, the proceeds from the sale of his truck, and that the brothers began to intimidate him and force him to leave the home so that they could steal the money. After pulling out the gun in order to frighten the brothers into leaving, Vanover testified, the first brother said "old man, if you got enough nerve to pull that trigger, shoot me in my mouth because if you don't shoot me, I'm going to take it away from you and shoot you." Vanover then shot him in the mouth. When the second brother allegedly jumped towards him, Vanover shot him with a bullet which *901 passed through his upper left arm and entered his back.
The jury convicted Vanover of aggravated battery on the second brother, but found him not guilty on the other charge. In departing from the presumptive guidelines sentence and sentencing Vanover to ten years imprisonment, the trial court offered the following written reasons for departure:
1. The charge of Aggravated Battery with a Firearm requires a minimum mandatory sentence of at least three years in the Department of Corrections.
2. The offense of shooting Kim Carevic was done without any moral or legal justification.
3. The defendant intended to murder Kim Carevic, and it was only by a stroke of luck that Kim Carevic avoided being murdered.
4. The manner of the shooting of Kim Carevic, being at close range and at the body of the victim, created a great risk of serious bodily harm and/or death to the victim.
5. This was a particularly aggravated set of circumstances which sets this case far and above the average Aggravated Battery.
481 So.2d at 32. We find the first and last reasons provided valid, but the remaining reasons are neither valid nor clear and convincing. We must therefore remand to the district court with instructions to remand to the trial court for resentencing. Albritton v. State, 476 So.2d 158 (Fla. 1985); State v. Young, 476 So.2d 161 (Fla. 1985).
The first reason is valid, as Florida Rule of Criminal Procedure 3.701(d)(9) provides that "[f]or those offenses having a mandatory penalty, a scoresheet should be completed and the guideline sentence calculated. If the recommended sentence [here a maximum of thirty months incarceration] is less than the mandatory penalty [here three years under section 775.087(2), Florida Statutes (1985)], the mandatory sentence takes precedence."
The second reason is not clear and convincing, as it is "ambiguous and lacking in clarity for failure to relate to any identified fact in the context of this case." Burch v. State, 462 So.2d 548, 548 (Fla. 1st DCA), approved, 476 So.2d 663 (Fla. 1985), citing Alford v. State, 460 So.2d 1000 (Fla. 1st DCA 1984). Far from producing in the mind of a reviewing judge "a firm belief or conviction, without hesitancy, that departure is warranted," State v. Mischler, 488 So.2d 523, 525 (Fla. 1986), this reason for departure is chosen from a laundry list of aggravating factors and tells us nothing.
We find the third reason invalid because the trial court could not have properly departed from the guidelines based on a crime with which petitioner was not charged, tried on, or convicted of. Florida Rule of Criminal Procedure 3.701(d)(11) provides that "[r]easons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained." As in Sloan v. State, 472 So.2d 488, 490 (Fla. 2d DCA 1985), approved in part, quashed in part, 491 So.2d 276 (Fla. 1986), we must hold that "[t]he presence of that comment within the stated [grounds for departure] more than supports our view that the trial court, at the very least, found the higher crime, for which there was no conviction, a significant element in the determination to depart from the presumptive sentence." We therefore find the reason an invalid basis for departure. See Marshall v. State, 468 So.2d 255 (Fla. 2d DCA), review denied, 472 So.2d 1181 (Fla. 1985).
We additionally find the fourth reason for departure invalid, and quash the district court on this point. Because the extent of victim injury is calculated into the guidelines score in aggravated battery cases, Florida Rule of Criminal Procedure 3.988(d), we find departure from the guidelines based on the same factor impermissible. As we noted in Hendrix v. State, 475 So.2d 1218, 1220 (Fla. 1985), "[t]o allow the trial judge to depart from the guidelines based upon a factor which has already been weighed in arriving at a presumptive sentence *902 would in effect be counting the convictions twice which is contrary to the spirit and intent of the guidelines." With some sympathy for the district court's observations in the opinion under review that "[t]he nature and severity of victim injury has historically been one of the most salient and signal factors in determining the proper measure of punishment for crime," 481 So.2d at 33, we must disagree with its observation that this Court did not intend in Hendrix to disallow departures on a basis already factored into the guidelines. We did.
Further, the reason for departure impermissibly duplicates an inherent component of the crime. Because aggravated battery is statutorily defined as "[i]ntentionally or knowingly caus[ing] great bodily harm, permanent disability, or permanent disfigurement, or ... us[ing] a deadly weapon," section 784.045, Florida Statutes (1985), virtually every aggravated battery will involve "a great risk of serious bodily harm and/or death to the victim." 481 So.2d at 32. As in McGouirk v. State, 493 So.2d 1016 (Fla. 1986), we note that "[i]n defining the crime and prescribing the punishment therefor, the legislature has taken into account its heinous nature and its potentially devastating consequences. To allow departure based on these inherent components of the crime, therefore, would sanction an arbitrary and case-to-case sentencing based on identical acts and thus frustrate the guidelines' purpose." Id. at 1018.
Finally, we examine the fifth reason given. While finding the reason valid, we note some problems with its abbreviated, undetailed form. We, however, with the district court, do not construe our decision of State v. Jackson, 478 So.2d 1054 (Fla. 1985), as "prohibiting us from going to the record to flesh out the factual support to better ascertain the sufficiency of the reasons given." 481 So.2d at 32. We do wish to reiterate the importance to the reviewing court of having available in writing specific findings of fact supporting the reasons for departure which are credible and proven beyond a reasonable doubt. Lerma v. State, 497 So.2d 736 (Fla. 1986). Reasons phrased in the form of the one under review should be avoided, or at least supported by specific and written facts indicating clearly the basis of the trial court's decision to depart.
Noting that Florida Rule of Criminal Procedure 3.701(b)(3) allows departure based on "the circumstances surrounding the offense," and that the record on appeal in this case amply illustrates sufficient facts rendering the crime a highly extraordinary and extreme incident of aggravated battery, we find the reason a clear and convincing basis for departure in this case. If the trial court upon remand wishes to depart on this basis, however, we would urge it to list those specific facts distinguishing this case and calling for departure in order to facilitate a proper appellate review.
We therefore remand to the district court with instructions to remand to the trial court for resentencing in accordance with this opinion.
It is so ordered.
McDONALD, C.J., and BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., conur.