530 So.2d 1057 (1988)
Gregory PONDER, Appellant,
v.
STATE of Florida, Appellee.
No. BR-492.
District Court of Appeal of Florida, First District.
September 8, 1988.
*1058 P. Douglas Brinkmeyer, Asst. Public Defender, and Michael E. Allen, Public Defender, Tallahassee, for appellant.
Gary L. Printy, Asst. Atty. Gen., and Robert A. Butterworth, Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Gregory Ponder appeals his sentence for armed robbery, contending that the trial court reversibly erred in departing from the recommended sentencing guidelines range of 4 1/2 to 5 1/2 years in prison by sentencing him to 15 years in prison less credit for time served. Finding one of the two reasons for departure from the guidelines valid, we affirm.
Ponder was convicted pursuant to a jury trial on the fourth count of a ten count complaint[1] which alleged that he did, on January 10, 1986, "carry a firearm" and "unlawfully by force, violence, assault, or putting in fear, take money or other property to-wit: cash money, the property of The Levering Family Corporation, trading and doing business as McDonalds, as owner or custodian, from the person or custody of Mike Levering" and used a pistol during the course of the robbery, contrary to sections 812.13 and 775.087, Florida Statutes. His departure sentence was based on two reasons. The first reason for departure recites:
First, this court has considered that the fourth count of armed robbery of which defendant was convicted alleged that the person robbed was Mike Levering; however, the testimony at trial was clear and undisputed that both Tina Tyrone and Mike Levering were employees of McDonalds and that both were robbed. The defendant pointed the pistol at Ms. Tyrone, ordered her to put money in a bag  which she did. Then, defendant stuck the gun in Mr. Levering's ribs and ordered him to put money in the bag  which he did. The money taken was, of *1059 course, the property of McDonalds, but Ms. Tyrone and Mr. Levering were each separately placed in fear and robbed of portions of that money. Two distinct armed robberies were committed by defendant. Rule 3.701(b) of the sentencing guidelines states: "3. The penalty imposed should be commensurate with the severity of the convicted offense and the circumstances surrounding the offense." These two separate acts of armed robbery constitute a clear and convincing reason for departure from the guidelines. Lerma v. State, 11 F.L.W. 473.
In Lerma v. State, 497 So.2d 736 (Fla. 1986), the defendant entered a plea of guilty to the crime of sexual battery involving the use of force not likely to cause serious personal injury. Based on testimony at the sentencing hearing, the trial judge departed from the recommended guidelines sentence on the ground, inter alia, that the defendant committed two separate acts of sexual battery, intercourse and fellatio. The supreme court held that departure on this ground was not an abuse of discretion because the trial court's finding that the defendant committed two separate acts of sexual battery
has been proven beyond a reasonable doubt and is within the dictates of rule 3.701(b)(3), which commands that "[t]he penalty imposed should be commensurate with the severity of the convicted offense and the circumstances surrounding the offense."
Notwithstanding Lerma, Ponder argues that the trial court could not depart on the ground that he committed two distinct armed robberies because the supreme court, in Vanover v. State, 498 So.2d 899 (Fla. 1986), expressly forbade trial courts from departing from the sentencing guidelines on the basis of a crime with which the defendant has not been charged, tried, or convicted. Id. at 901; see also Sloan v. State, 472 So.2d 488, 490 (Fla.2d DCA 1985), approved in part, quashed in part, 491 So.2d 276 (Fla. 1986). The result in Vanover flows from rule 3.701(d)(11), Fla. R.Crim.P., mandating that "[r]easons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained." Since he was charged with, tried upon and convicted of only one armed robbery, Ponder argues, the trial court could not validly base departure from the guidelines upon its independent finding that he in fact committed two armed robberies.[2]
Although Vanover appears to be inconsistent with Lerma, we do not read Lerma as broadly standing for the proposition that a trial judge may independently find a defendant guilty of an offense with which the defendant was not charged, tried or convicted, and use that finding of guilt as a basis for departing from the recommended guidelines sentence. To permit the enhancement of a sentence based on the commission of an offense of which the defendant has not been convicted smacks of a violation of due process and is inconsistent with the manifest purpose of rule 3.701(d)(11). We hold that the state's failure to charge and convict Ponder with the robbery of Tina Tyrone precludes the trial court from using the commission of this offense as a basis for departure.
The second reason for departure, that "defendant's criminal record indicates his criminal behavior is escalating as to frequency and seriousness of the offenses," is supported by the record before us, and the law is settled that a defendant's escalating pattern of criminality may constitute a valid reason for departing from the guidelines. Keys v. State, 500 So.2d 134 (Fla. 1986); Harris v. State, 509 So.2d 1299 (Fla. 1st DCA 1987).
Since the appealed sentence is grounded on both a valid and invalid reason *1060 for departure, we must reverse it unless the state has shown beyond a reasonable doubt that, absent the invalid reason, the trial court still would have departed. Albritton v. State, 476 So.2d 158 (Fla. 1985). The trial court's sentencing order is lengthy[3] and detailed,[4] largely focusing on Ponder's extensive criminal record. The court devoted only a half page to its discussion of the departure reason we have herein determined to be invalid. Conversely, in establishing its escalating-criminal-record basis for departure, the court devoted six pages to its consideration of Ponder's record and to its discussion of its inability to sentence outside the guidelines on habitual offender grounds. Moreover, the trial court expended a great deal of effort in calculating the amount of time Ponder has not been in jail since he turned 18 and in calculating the number of times Ponder has been arrested during that period (once every three months). While explaining this reason for departure, the court noted that Ponder committed the subject offense only five months after his release from prison. This, in itself, is a valid reason for departure. Williams v. State, 484 So.2d 71 (Fla. 1st DCA 1986), affirmed, 504 So.2d 392 (Fla. 1987). Given the trial court's care, detail, and overriding concern with Ponder's prior record, we are convinced beyond a reasonable doubt that the absence of the invalid reason would not have affected the departure sentence imposed.
AFFIRMED.
WIGGINTON, J., concurs.
BOOTH, J., concurs in part and dissents in part with written opinion.
BOOTH, Judge, concurring in part and dissenting in part:
I concur with the majority's decision to affirm appellant's conviction and departure sentence for armed robbery. However, I disagree that the trial court's first reason for departure was invalid. As the majority opinion notes, the Florida Supreme Court held in Lerma v. State, 497 So.2d 736 (Fla. 1986), that a defendant who was convicted of one count of sexual battery could be sentenced outside the guidelines where the evidence showed beyond a reasonable doubt that a second sexual battery was committed during the same transaction. However, in Vanover v. State, 498 So.2d 899 (Fla. 1986), the Supreme Court held that a defendant convicted of aggravated battery with a firearm could not be sentenced outside the guidelines for having intended to murder the victim. Although the majority finds an apparent inconsistency in the two rulings, the cases are distinguishable.[1] The court stated in Vanover:
The trial court could not have properly departed from the guidelines based on a crime with which petitioner was not charged, tried on, or convicted of. Florida Rule of Criminal Procedure 3.701(d)(11) provides that "[r]easons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained." As in Sloan v. State, 472 So.2d 488, 490 (Fla.2d DCA 1985), approved in part quashed in part, 491 So.2d 276 (Fla. 1986), we must hold that "[t]he presence of that comment within the stated [grounds for departure] more than supports our view that the trial court, at the very least, found the higher crime, for which there was no conviction, a significant element in the determination to depart from the presumptive sentence." We therefore find the reason an invalid basis for departure. See Marshall v. State, 468 So.2d 255 (Fla.2d DCA), review denied, 472 So.2d 1181 (Fla. 1985). (emphasis added)
In Sloan v. State, 472 So.2d 488 (Fla.2d DCA 1985), and Marshall v. State, 468 So.2d 255 *1061 (Fla.2d DCA 1985), as well as Vanover, the courts were concerned with a trial court's departure from the guidelines based on the court's belief that a defendant had committed a more serious crime than the one he had actually been convicted of. In Vanover the crime was attempted murder rather than aggravated battery, in Sloan it was second-degree grand theft instead of third-degree grand theft, and in Marshall it was sexual battery with a deadly weapon rather than sexual battery without a deadly weapon, as well as consideration of factors relating to a kidnapping charge for which the defendant was acquitted. Other case law in a similar vein recognizes that it is improper for a trial court to consider factors relating to premeditation when a defendant has been acquitted of an offense for which premeditation was an element. E.g., Mayo v. State, 518 So.2d 458 (Fla. 1st DCA 1988). None of the majority's citations involve the type of fact situation facing the trial judge below. There is an obvious distinction between the Vanover holding, which prohibits trial courts from departing upon belief that a defendant is guilty of a higher degree of crime than he was charged with or convicted of, and Lerma, where the defendant properly received a departure sentence because the evidence unquestionably showed that he did the same thing twice during the same transaction but was only charged with one count. The undisputed facts in the instant case are that the defendant held a gun on each of the two individuals in McDonald's during the course of committing the crime charged, a circumstance which endangered the life of more than one person, making the crime more egregious. This circumstance is not included in the scoresheet and can only be accounted for in sentencing if the trial court is allowed to consider it an aggravating factor. Clearly, the precedent for the trial court's action exists in the Lerma decision. We should affirm the first as well as the second reasons for departure from the guidelines.
NOTES
[1] The other counts were severed for separate trial.
[2] The state could have charged Ponder with two separate robberies arising out of the subject incident: robbery of Mike Levering and robbery of Tina Tyrone. The fact that the stolen property belonged to a single owner, The Levering Family Corporation, is not dispositive of whether multiple robberies were committed; what is dispositive is whether Ponder effected successive and distinct forceful takings with a separate and independent intent for each transaction. Brown v. State, 430 So.2d 446 (Fla. 1983).
[3] The order is ten pages long.
[4] The order sets out Ponder's criminal record from 1974 to date, showing that he has been arrested 21 times, charged with 14 different crimes, and convicted 10 times. Convictions include burglary, grand theft auto, disorderly intoxication, and armed robbery.
[1] Lerma v. State, 497 So.2d 736 (Fla. 1986), was authored by Justice Adkins, who also authored Vanover v. State, 498 So.2d 899 (Fla. 1986). The two opinions were released within two and one-half months of each other.