564 So.2d 1253 (1990)
Deborah CARBONE, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2570.
District Court of Appeal of Florida, Fourth District.
August 8, 1990.
Richard W. Springer and Catherine Mazzullo of Springer & Springer, Palm Springs, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joan Fowler and Deborah Guller, Asst. Attys. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
We have for consideration a question certified to this court by the County Court of Palm Beach County as one of great public importance pursuant to Florida Rules of Appellate Procedure 9.030(b)(4) and 9.160. *1254 The question arose out of a criminal proceeding in the county court wherein appellant was charged with driving under the influence and causing injury to persons or property in violation of section 316.193(3)(a)(1), Florida Statutes.
Appellant rear-ended a stationary vehicle, which then collided with a third vehicle. The investigating officer found appellant outside her car and he detected the odor of alcohol about her person. He also observed that she was behaving in an erratic manner. The drivers of the other cars had to be removed by paramedics and were placed in neck braces and on back boards. One of the paramedics advised the investigating officer that the victims would be taken to the hospital, that their injuries were serious, and that one of the victims was unconscious and suffering from possible internal injuries and neck and head pain. Thereafter, the officer requested a blood sample from appellant, which she refused. However, when told that a sample would be drawn forcibly, if necessary, she submitted.
In the county court proceeding, appellant moved to suppress the blood test results for the reason that the officer did not have sufficient information to meet the statutory criteria[1] to justify the officer's requiring appellant to submit to the test. The trial court denied suppression and, in due course, appellant pled nolo contendere, reserving the right to appeal, and was sentenced by the court. Sentence was stayed pending review by this court by certified question, which question states:
WHETHER A POLICE OFFICER HAS PROBABLE CAUSE TO BELIEVE THAT AN ACCIDENT VICTIM IS SUFFERING FROM SERIOUS BODILY INJURIES WITHIN THE MEANING OF FLORIDA STATUTE 316.1933(1) WHERE HE IS INFORMED BY PARAMEDICS THAT THE ACCIDENT VICTIM IS UNCONSCIOUS AND POSSIBLY SUFFERING FROM NECK AND/OR OTHER UNSPECIFIED INTERNAL INJURIES.
We have considered the record, the briefs of the parties, and the certified question and answer the latter in the affirmative. Furthermore, we affirm the judgment of conviction and sentence imposed by the trial court.
LETTS, J., and McNULTY, JOSEPH P., Associate Judge, concur.
NOTES
[1] Section 316.1933(1), Florida Statutes (1987), provides:

Notwithstanding any recognized ability to refuse to submit to the tests provided in s. 316.1932 or any recognized power to revoke the implied consent to such tests, if a law enforcement officer has probable cause to believe that a motor vehicle driven by or in the physical control of a person under the influence of alcoholic beverages or controlled substances has caused the death or serious bodily injury of a human being, such person shall submit, upon the request of a law enforcement officer, to a test of his blood for the purpose of determining the c=alcoholic content thereof or the presence of chemical substances as set forth in s. 877.111 or controlled substances therein. The law enforcement officer may use reasonable force if necessary to require such person to submit to the administration of the blood test. The term "serious bodily inuury" means a physical condition which creates a substantial risk of death; serious, personal disfigurement; or protracted loss or impairment of the function of any bodily member or organ.