570 So.2d 1383 (1990)
Irvin SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1240.
District Court of Appeal of Florida, Fifth District.
December 13, 1990.
*1384 James B. Gibson, Public Defender and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
Irvin Simmons appeals the departure sentence imposed upon him after entering a plea of nolo contendere to burglary of a dwelling, aggravated battery, and use of a firearm in the commission of a felony. §§ 784.045(1)(b), 790.07(2), 810.02(2)(b), Fla. Stat. (1987). We affirm.
Simmons' history of convictions is as follows:

 Date Illegal Activity Disposition
March 28, 1984 Battery: Simmons held Committed to juvenile
 the victim while arbitration program.
 co-defendant struck
 victim repeatedly
 with a broomstick.
October 5, 1984 Criminal mischief and Adjudicated delinquent
 throwing deadly and placed on community
 missile: Simmons control.
 threw concrete into
 a vehicle, striking
 its occupant and
 requiring stitches
 on the victim's right
 temple.
August 10, 1985 Retail theft and Adjudicated delinquent
 violation of and placed on community
 community control: control.
 A store sensor
 alerted, and Simmons
 was found shoplifting
 a pair of shorts
 valued at $28.
November 6, 1985 Battery, disorderly Adjudicated delinquent
 conduct, culpable and committed.
 negligence by
 exposing another to
 personal injury:
 Simmons pushed victim
 into street after
 striking her in chest
 with both hands and
 knocking her down.
*1385 October 25, 1987 Criminal mischief: Adjudicated delinquent
 Simmons inflicted and placed on community
 $200 in damages to a control.
 police car after his
 arrest for a traffic
 violation.
April 14, 1988 Burglary of a dwelling,
(Instant Case) aggravated battery, and
 use of firearm in
 commission of felony.

On April 14, 1988, Simmons entered a residence by removing a screen from a bedroom window. The residence had the appearance of being occupied and in fact was occupied. Initially avoiding discovery, Simmons took the occupant's wallet but, upon opening the bedroom door, confronted the victim who was standing behind it. Simmons stepped back, raised the .38-caliber handgun he was carrying, and fired three or four times. The victim was struck twice in the right forearm and once in the left shoulder. Simmons then ran out of the residence, joined a co-defendant waiting for him in a getaway car, and stated, "I shot that motherfucker." A witness gave a description of the vehicle to the police, and Simmons was subsequently stopped and arrested later that day.
The trial court gave five reasons for the departure:
(1) The victim's scarring and disfigurement;
(2) Timing, in that Simmons was on community control at the time of commission of the offense;
(3) Circumstances surrounding the aggravated battery so egregious and serious as to require a departure sentence (The trial court also recited the facts of the crime.);
(4) Failure of past rehabilitation and improbability of future rehabilitation;
(5) Simmons' continuing and persistent pattern of criminal conduct.
Reasons one, two, and four are invalid. Lambert v. State, 545 So.2d 838, 842 (Fla. 1989) ("Factors related to violation of probation and community control cannot be used as grounds for departure."); Hall v. State, 517 So.2d 692 (Fla. 1988) (Victim injury is not a valid reason for departure because it is already factored into score sheet.); Ellis v. State, 559 So.2d 292 (Fla. 5th DCA 1990); Maddox v. State, 553 So.2d 1380 (Fla. 5th DCA 1989) (Failure of rehabilitation is not a valid reason.).
Reason number three is valid under Vanover v. State, 498 So.2d 899 (Fla. 1986). In Vanover, the defendant testified that the two alleged victims were brothers who were intimidating him and attempting to force him to leave his home so they could steal $1,300 contained in the home. The defendant brandished his gun to frighten the brothers into leaving, but the first brother said: "Old man, if you got enough nerve to pull that trigger, shoot me in my mouth because if you don't shoot me, I'm going to take it away from you and shoot you." Id. at 900. The defendant accepted the invitation and shot him. The second brother was then shot when he allegedly jumped toward the defendant. Neither of the brothers died from the wounds. A jury found the defendant not guilty of aggravated battery as to the first brother but guilty as to the second brother. The supreme court upheld the subsequently imposed departure sentence, stating as follows: "This was a particularly aggravated set of circumstances which sets this case far and above the average Aggravated Battery." Id. at 901. Although the court held the reason valid, it faulted the sentencing court for not setting out the factual basis *1386 for departure and thereby making it necessary for the reviewing court to "flesh out" the factual support. In the instant case, the trial court detailed the facts supporting the reason for departure, and those facts reveal a "highly extraordinary and extreme incident" of an aggravated battery, the circumstances of which exceed the aggravated set of circumstances present in Vanover. In contrast to Vanover, there was no testimony in the instant case that the defendant was provoked by the victim.
Finally, we agree with the trial court's fifth reason for imposing a departure sentence. The facts pertaining to Simmons' prior record, together with the commission of the instant offenses, show a continuing, persistent, and escalating pattern of criminal conduct or behavior. Keys v. State, 500 So.2d 134 (Fla. 1986).[1] The schedule of offenses shows that Simmons has persistently violated the property rights and well-being of others and that the level of his violent crimes has risen with the present offense in which he shot the victim three times while committing a second-degree felony.
AFFIRMED.
COBB and GOSHORN, JJ., concur.
NOTES
[1] Section 921.001(8), Florida Statutes, is inapplicable to Simmons since his offense predates the July 1, 1988, effective date. However, remand to the circuit court is not necessary as in Keys since section 921.001(5), effective July 1, 1987, requires that a departure sentence be upheld when at least one of multiple factors supports the departure.