632 So.2d 1105 (1994)
STATE of Florida, Appellant,
v.
Rochelle CESARETTI, Appellee.
No. 93-1168.
District Court of Appeal of Florida, Fourth District.
March 2, 1994.
*1106 Robert A. Butterworth, Atty. Gen., Tallahassee, and Edward L. Giles, Asst. Atty. Gen., West Palm Beach, for appellant.
Thomas E. Cazel of Thomas E. Cazel, P.A., Fort Lauderdale, for appellee.
PER CURIAM.
This is an appeal from a final order granting a motion to suppress the results of a blood alcohol test. We reverse.
We agree with appellant that the trial court erred in suppressing the results of the blood test on Cesaretti. A law enforcement officer, having probable cause to believe that a driver is under the influence of alcohol and has caused "serious bodily injury", may request a blood test. Section 316.1933(1), Florida Statutes. In Jackson v. State, 456 So.2d 916, 918 (Fla. 1st DCA 1984), the court observed that probable cause exists "if the officer, based upon reasonably trustworthy information, has knowledge of facts and circumstances sufficient to cause a person of reasonable caution to believe that the suspect driver was under the influence of alcoholic beverages at the time of the accident and caused the ... serious bodily injury of a human being."
In the instant case, the accident victim was screaming, holding her side and had trouble breathing. Her automobile suffered extensive damage and she was removed from it by the "jaws of life", placed on a back board with a neck brace, and taken from the scene in an ambulance. Paramedics told the officer that the victim had possible internal injuries. The officer and the paramedics smelled alcohol on Cesaretti's breath. We hold that the circumstances present gave the officer ample reason to believe that Cesaretti was under the influence of alcohol and had caused serious bodily injury. See Carbone v. State, 564 So.2d 1253 (Fla. 4th DCA 1990); Jackson.
REVERSED AND REMANDED.
DELL, C.J., and POLEN and STEVENSON, JJ., concur.