725 So.2d 393 (1998)
Dennis GERLITZ, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0755
District Court of Appeal of Florida, Fourth District.
December 23, 1998.
Rehearing Denied February 12, 1999.
*394 Gerald J. D'Ambrosio, Boca Raton, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
Dennis Gerlitz appeals his conviction for driving under the influence and causing injury to person or property, contrary to section 316.193(3)(c)1, Florida Statutes (1997).
The charges in this case arose from an incident occurring on November 23, 1995. On November 12, 1996, six days before a scheduled calendar call, appellant moved to suppress the results of a blood alcohol test. On November 18, 1996, the trial court granted appellant's motion to continue the trial, specially setting the case at the top of the January 24, 1997 trial docket. On January 14, 1997, the motion to suppress was set for an evidentiary hearing on February 14, 1997.
At the January 24, 1997 calendar call, appellant moved for a continuance because the hearing on the motion to suppress was set for February 14, 1997. The trial court denied the motion. After the trial commenced, the court heard evidence on the motion to suppress and denied it. Even though the state would have been precluded from appealing a ruling made during trial which suppresses evidence,[1] the state did not object to hearing the motion during trial or otherwise attempt to secure a ruling on the motion before trial.
Appellant first argues that reversal is mandated solely because the hearing on his motion to suppress occurred during the trial, instead of before it. However, Florida Rule of Criminal Procedure 3.190(h)(4) does not require that a motion to suppress be heard prior to trial. See Savoie v. State, 422 So.2d 308, 311 (Fla.1982). The rule grants the trial judge the discretionary authority to entertain a motion to suppress during the trial. See id. Although Savoie observes that the better practice is to rule on motions to suppress before trial, flexibility in this area is desirable, given the scheduling difficulties in a busy circuit court. Williams v. State, 548 So.2d 898 (Fla. 4th DCA 1989) is distinguishable; there the trial judge refused to hear a timely filed motion to suppress at trial. Similarly, Gadson v. State, 600 So.2d 1287 (Fla. 4th DCA 1992), involved a failure of the trial court to conduct any evidentiary hearing on a motion to suppress. There was a hearing in this case. The trial court did not abuse its discretion in holding the hearing after the trial commenced.
As to the second point on appeal, we affirm the trial court's denial of the motion to suppress. Section 316.1933(1), Florida Statutes (1997), permits blood to be drawn when a law enforcement officer has probable cause to believe that a person has sustained serious bodily injury in an accident caused by a person driving a motor vehicle while under the influence of alcoholic beverages. The victim suffered a broken back in the accident. The accident involved a pick-up truck hitting a bicyclist. When the investigating officer arrived on the scene, the bicyclist was being transported to the hospital. The trial court's express findings of fact support a finding of probable cause under section 316.1933(1):
I find that [the investigating officer] had that probable cause from all the factors that he testified to during his testimony and that he came on the scene where a truck had struck a cyclist, the cyclist had been thrown to the ground and had to be removed from the scene for medical care. [The investigating officer] was told by all the officers who were present on the scene that the cyclist was in serious condition and that the injury was possibly severe and that [the officer] smelled the alcoholic beverage from the Defendant's breath and person.
*395 To establish probable cause to order a blood test under the statute, an officer may properly rely on information provided at the accident scene by other law enforcement agents or emergency personnel. See Carbone v. State, 564 So.2d 1253 (Fla. 4th DCA 1990).
Appellant next contends that the trial court erred in its jury charge on section 316.193(3)(c)2, when it instructed the jury that the state was required to prove that appellant "caused or contributed to the cause of the serious bodily injury." The trial court similarly instructed the jury on the lesser included offense of DUI causing damage to person or property, under section 316.193(3)(c)1, Florida Statutes (1997). The standard jury instruction for "Felony DUI-Serious Bodily Injury" requires the state to prove that the defendant "caused serious bodily injury to (victim)." Fla. Std. Jury Instr. (Crim.) p. 362. Appellant argues that the addition of the words "or contributed to the cause" to the standard instruction constitutes reversible error.
Section 316.193(3) proscribes DUI manslaughter, as well as the lesser offenses of DUI causing serious bodily injury and DUI causing damage to person or property of another. In Magaw v. State, 537 So.2d 564, 567 (Fla.1989), the supreme court addressed a 1986 amendment to the statute governing DUI manslaughter. Prior to 1986, DUI manslaughter was a strict liability crime. See Melvin v. State, 677 So.2d 1317, 1318 (Fla. 4th DCA 1996). In Magaw, the supreme court determined that the 1986 amendment to section 316.193(3) added the element of causation to the crimes proscribed by that section. See Magaw, 537 So.2d at 567. Discussing the element of causation, the supreme court observed that:
the statute does not say that the operator of the vehicle must be the sole cause of the fatal accident. Moreover, the state is not required to prove that the operator's drinking caused the accident. The statute requires only that the operation of the vehicle should have caused the accident. Therefore, any deviation or lack of care on the part of a driver under the influence to which the fatal accident can be attributed will suffice.
Id.
Based on the holding in Magaw, the standard jury instruction for DUI manslaughter was amended. See Melvin, 677 So.2d at 1319. The amended version of the standard instruction provides that the state is required to prove that the defendant "caused or contributed to the cause of" the death of the victim by reason of the defendant's operation of a vehicle. See Melvin, 677 So.2d at 1318; Fla. Std. Jury Instr. (Crim.) p. 103. However, the standard jury instructions for the lesser offenses under section 316.193(3) were not similarly amended to provide that the defendant could be found guilty if he "contributed to the cause of" the injury or damage.
The reasoning of Magaw leads to the conclusion that the trial court correctly charged the jury on the lesser offenses. While the holding in Magaw concerned DUI manslaughter, the court clearly stated that its "construction of the current statute necessarily encompasses the proof required to convict of the lesser crimes under section 316.193(3)." Magaw, 537 So.2d at 567 n. 2. As the statute is written, the same causation element contained in section 316.193(3)(c) applies to DUI/manslaughter, DUI/serious bodily injury, and DUI/damage to person or property. The challenged instructions in this case correctly stated Florida law. See State v. Bryan, 287 So.2d 73, 75-76 (Fla.1973); Davis v. State, 373 So.2d 382 (Fla. 4th DCA 1979).[2]
Finally, appellant argues that the trial court erred in excluding from evidence a tape recording of a traffic court proceeding. The bicyclist/victim in this case was ticketed for careless driving, violation of right of way, and improper lane change. A traffic court magistrate dismissed the charges. The tape recording was properly excluded, since it *396 contained numerous hearsay statements. See § 90.802, Fla. Stat. (1997).
AFFIRMED.
GUNTHER and FARMER, JJ., concur.
NOTES
[1] See Savoie v. State, 422 So.2d 308 (Fla. 1982); State v. Livingston, 681 So.2d 762 (Fla. 2nd DCA 1996); Fla.R.App.P. 9.140(c)(1)(B).
[2] On a separate issue, we also find that the court correctly charged the jury on the issue of the blood alcohol level.