839 So.2d 757 (2003)
STATE of Florida, Appellant,
v.
Tammy CATT, Appellee.
No. 2D02-1749.
District Court of Appeal of Florida, Second District.
January 31, 2003.
Rehearing Denied March 20, 2003.
*758 Charlie Crist, Attorney General, Tallahassee, and C. Suzanne Bechard, Assistant Attorney General, Tampa, for Appellant.
Angela D. Flaherty of Syprett, Meshad, Resnick, Lieb, Dumbaugh, Jones & Krotec, Sarasota, for Appellee.
DANAHY, PAUL W., Senior Judge.
The State appeals the trial court's order granting Tammy Catt's motion to suppress the results of a blood draw taken pursuant to section 316.1933, Florida Statutes (2001). Because the trial court's finding that the police did not have probable cause to believe that serious injury had resulted from the accident is not supported by competent, substantial evidence, we reverse and remand for further proceedings.
After Catt was involved in an automobile accident, the State charged her with driving under the influence causing serious injury, driving under the influence causing property damage, and child neglect. From the limited record available to us, it appears that Catt was driving in Bradenton when she hit the back of a truck that was pulling a boat. The force of the impact *759 caused the passenger door of Catt's vehicle to open, and Catt's toddler daughter was ejected from the vehicle, apparently because she was not in a car seat. The child hit the pavement and rolled to the side of the roadway.
Police officers and emergency medical technicians (EMTs) responded to the scene. After the EMTs had evaluated the child, they decided that she should be airlifted to Bayfront Hospital in St. Petersburg to determine the extent of her injuries. The EMTs expressed concerns about possible serious head or internal injuries. After the child was airlifted from the scene, the police ordered blood to be drawn from Catt pursuant to section 316.1933.
The State filed DUI charges against Catt after it received the results of the blood draw. Catt moved to suppress the results on the grounds that the officers at the scene did not have the necessary probable cause to order the blood draw. After a full hearing, the trial court granted Catt's motion and suppressed the results of the blood draw. The State then brought this appeal.
Section 316.1933(1), which provides for compelled blood draws under certain circumstances, states in pertinent part:
[I]f a law enforcement officer has probable cause to believe that a motor vehicle driven by or in the actual physical control of a person under the influence of alcoholic beverages, any chemical substances, or any controlled substances has caused the death or serious bodily injury of a human being, such person shall submit, upon the request of a law enforcement officer, to a test of the person's blood for the purpose of determining the alcoholic content thereof.... The term "serious bodily injury" means an injury to any person, including the driver, which consists of a physical condition that creates a substantial risk of death, serious personal disfigurement, or protracted loss or impairment of the function of any bodily member or organ.
Thus, to order blood to be drawn pursuant to this statute, the officer must have probable cause to believe that the driver was under the influence of alcohol or drugs and that the driver had caused an accident resulting in "serious bodily injury." State v. Cesaretti, 632 So.2d 1105, 1106 (Fla. 4th DCA 1994).
"Probable cause is a fluid concept that deals in probabilities, which include common sense conclusions by law enforcement officers." Williams v. State, 731 So.2d 48, 50 (Fla. 2d DCA 1999) (citing Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)). Probable cause is not the same standard as beyond a reasonable doubt, and "the facts constituting probable cause need not meet the standard of conclusiveness and probability required of the circumstantial facts upon which a conviction must be based." Williams, 731 So.2d at 50 (quoting State v. Heape, 369 So.2d 386, 389 (Fla. 2d DCA 1979)). To establish probable cause, an officer may rely on information provided at the scene by other law enforcement officers and by emergency personnel. Gerlitz v. State, 725 So.2d 393, 395 (Fla. 4th DCA 1998); Carbone v. State, 564 So.2d 1253, 1254 (Fla. 4th DCA 1990).
In the case before us, the trial court found that the police had probable cause to believe that Catt was under the influence of alcoholic beverages. This finding is supported by the record. Officers Cramer and Campbell both testified that they smelled alcohol on Catt's breath. This testimony was sufficient to support the trial court's finding of probable cause on this issue. See State v. Brown, 725 So.2d 441 (Fla. 5th DCA 1999) (noting that *760 "under the influence" in section 316.1933 means something more than having simply consumed an alcoholic beverage but something less than intoxicated and stating that the odor of alcohol on a driver's breath is a critical factor in determining whether probable cause existed).
However, the trial court then found that the officers did not have probable cause to believe that "serious bodily injuries" had resulted from the accident. This finding is not supported by the record, and it is for this reason that we reverse.
Officer Cramer testified that when he arrived at the accident scene, he learned that a two- or three-year-old child had been ejected from the vehicle upon impact and had rolled in the roadway. An ambulance was already on the scene when Cramer arrived, and EMTs were treating the child. During the course of Cramer's investigation, the EMTs told Cramer that they could not determine what internal injuries the child might have because the child was too young to communicate with them. Therefore, the EMTs had made the decision to airlift the child to a hospital in St. Petersburg for further treatment. Officer Campbell testified that the EMTs told him that they were airlifting the child due to possible serious internal injuries. Campbell testified that he, as a layman, had no way to know the extent of the child's injuries other than what he was told by the EMTs. Officer Jones testified that he understood that the extent of the child's injuries was not clear but that the EMTs were very concerned about the child.
This testimony was sufficient to establish that the officers had probable cause to believe that the accident had caused serious bodily injuries as defined by section 316.1933(1). The fact that the child had been ejected from the car and rolled on the road, combined with the fact that the EMTs had decided to airlift her to an out-of-county hospital, was sufficient to support a common sense conclusion that the child had suffered serious bodily injuries in the accident. Cf. Gerlitz, 725 So.2d at 394 (holding that officers had probable cause to support a blood draw under section 316.1933(1) when they knew that a cyclist was hit by a car, thrown to the ground, and removed from the scene by ambulance and when emergency personnel told the officers that the cyclist's injury was possibly severe); Cesaretti. 632 So.2d at 1106 (holding that the fact that an accident victim was screaming, holding her side, and having trouble breathing was sufficient to establish probable cause for purposes of section 316.1933(1)).
In making its findings at the close of the hearing, the trial court stated that it understood the testimony to be that the police officers believed that the child needed to be airlifted to determine the extent of her injuries. However, the testimony at the hearing was that the EMTs  not the police officers  believed that the child needed to be airlifted for further testing and treatment. The trial court's finding that the police officers made the decision to have the child airlifted is not supported by any evidence in the record.
The trial court also faulted the State for not calling any of the EMTs to testify at the hearing. However, the issue at the hearing was not what the EMTs knew about the child's condition. Rather, the question was what the police officers knew about the child's condition and whether that knowledge was sufficient to give the officers probable cause to believe that the child had suffered serious bodily injuries. Therefore, the lack of direct testimony by the EMTs cannot form the basis for finding that the officers lacked probable cause.
Based on the testimony at the hearing about the facts available to the officers at the accident scene, the officers had probable cause to believe that the child had *761 suffered serious injuries. The trial court's finding to the contrary is not supported by the evidence. Thus, because the police had probable cause to believe that Catt was driving while under the influence and that serious bodily injuries had resulted, the blood draw pursuant to section 316.1933(1) was proper. Accordingly, the trial court erred in granting Catt's motion to suppress the results of the blood draw.
Reversed and remanded for further proceedings.
NORTHCUTT and CASANUEVA, JJ., Concur.