LaROSE, Judge.
Peter Palazzotto appeals his judgments and sentences for DUI serious bodily injury, DUI with damage to person or property, child neglect, and battery on a law enforcement officer. We affirm the judgments and sentences but write to address Mr. Palazzotto’s invitation to us to recede from State v. Catt, 839 So.2d 757 (Fla. 2d DCA 2003), and Keeton v. State, 525 So.2d 912 (Fla. 2d DCA 1988). Mr. Palazzotto s other point does not warrant discussion.
Mr. Palazzotto claims that the trial court erred in ruling that a law enforcement officer had probable cause to order a blood draw pursuant to section 316.1933, Florida Statutes (2004).[1] Section 316.1933(l)(a) allows a forcible blood draw after a traffic accident with serious bodily injury where there is probable cause to believe that the driver was under the influence of alcohol. Despite Mr. Palazzotto’s invitation, we need not reexamine whether the odor of alcohol on the defendant alone is sufficient probable cause to order a blood draw. See Catt, 839 So.2d at 759-60; Keeton, 525 So.2d at 914. The odor of alcohol was not the only evidence of Mr. Palazzotto’s impairment. The speed at which he had been driving and his violent behavior at the hospital, coupled with the odor of alcohol, provided probable cause to order a blood draw.
Affirmed.
KELLY and WALLACE, JJ„ Concur.

. 316.1933 Blood test for impairment or intoxication in cases of death or serious bodily injury; right to use reasonable force.—
(l)(a) If a law enforcement officer has probable cause to believe that a motor vehicle driven by or in the actual physical control of a person under the influence of alcoholic beverages, any chemical substances, or any controlled substances has caused the death or serious bodily injury of a human being, a law enforcement officer shall require the person driving or in actual physical control of the motor vehicle to submit to a test of the person’s blood for the purpose of determining the alcoholic content thereof or the presence of chemical substances as set forth in s. 877.111 or any substance controlled under chapter 893. The law enforcement officer may use reasonable force if necessary to require such person to submit to the administration of the blood test.... Notwithstanding s. 316.1932, the testing required by this paragraph need not be incidental to a lawful arrest of the person.