George D. Noeling was convicted of violating F.S.A. § 797.01, relating to abortion, and he appeals.
Reversed.
Appellant was convicted of violating Section 797.01, Fla. Stat. 1941, F.S.A., relating to abortion, and appeals.
He challenges the sufficiency of the evidence. We shall not comment upon that question because we have concluded that the several errors committed in the trial are of such nature and degree as to vitiate the trial and any expression by us on the sufficiency of the evidence should, for that reason, be deferred.
The charge is clearly defined by the statute. The issue was simple. It was a question of whether the appellant, who is a doctor, treated the patient after she had been aborted, or did he administer treatment to cause the abortion?
Another error is that evidence of flight was admitted and the jury was charged that flight in this case might be considered as a circumstance of guilt. Appellant appeared when the case was first set for trial and asked for a few days continuance which was granted. He then went to Philadelphia on business and failed to return on the appointed day. Soon thereafter he returned and explained the delay. Flight is usually considered to exist when the accused departs from the vicinity of the crime. It is only a circumstance of guilt to be considered by the jury under appropriate instructions. See Wharton's Criminal Evidence, Vol. 2, 11th Edition, Sec. 940, page 1652, and People v. Reddy,261 N.Y. 479, 185 N.E. 705, 87 A.L.R. 763.
It was inappropriate under the evidence in this case to consider the element of flight because of the lack of evidence to support it. Then, too, there was no question that appellant attended the young lady but the crux of the case was whether his act was criminal. A case in point is Trapp v. Territory of New Mexico, 8 Cir., 225 F. 968, 141 C.C.A. 28.
The next assignment of error relates to the court's failure to allow appellant, on redirect examination, to state the nature of four crimes he had been questioned about on cross-examination. Appellant was asked upon cross-examination it he had been convicted previously of crime. He answered that he had been convicted four times of minor charges — misdemeanors. On redirect examination appellant's attorney asked him to name the offenses. The State objected and the court sustained the objection. The State now insists that since the State could not go into that matter likewise the appellant could not. This was error. The appellant should have been allowed to explain the nature of the crimes to show whether they materially affected his credibility. This is true because generally it is considered that a party may re-examine a witness about any matter brought out on cross-examination. 58 Am. Jur., Sec. 562, page 314.
The next assignment of error challenges the ruling of the court in denying the appellant's motion to declare a mistrial because during the closing argument the assistant county solicitor stated "and this is not possibly the first time he (the defendant) has gone through this ordeal before."
The court properly instructed the jury to disregard the statement. It is questionable whether the court's admonition cured the harm.
It is probable that any one of the above errors may not in and of itself constitute reversible error, but when considered as a whole we are satisfied that the ends of justice require a new trial.
Reversed.
THOMAS, BARNS and HOBSON, JJ., concur. *Page 122