469 So.2d 210 (1985)
Charles Wesley PRICE, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellant/Cross-Appellant.
No. 84-483.
District Court of Appeal of Florida, Fifth District.
May 23, 1985.
*211 Samuel R. Mandelbaum and Anthony F. Gonzalez, Tampa, and Edward R. Kirkland, Orlando, for appellant/cross-appellee.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee/cross-appellant.
COWART, Judge.
A mistrial was declared at defendant's first trial and he was retried. At the first trial a witness, Sonya Lee Whitlow Miller, testified that she had not received quaaludes from the defendant. At the second trial the State called Ms. Miller and she testified that defendant gave her two quaaludes from a certain bag. Over the objection of defense counsel the trial court then permitted the state attorney to further question the witness to bring to the attention of the second jury that the witness had made a prior inconsistent statement at the first trial, that the prior sworn statement was not true and that the witness had made the prior untrue statement because one James Elliot had twice threatened the witness to the effect that if the witness ever told the truth about anything against the defendant, the witness would be shot. We reverse on this point. The State argues that it was merely anticipating that the defense was going to impeach Ms. Miller by her prior inconsistent statement and thus sought to explain her inconsistent statements citing United States v. Cochran, 499 F.2d 380 (5th Cir.1974), which held that a witness impeached on the basis of a prior inconsistent statement may endeavor to explain that the prior statement was made when the witness feared bodily harm. The State's argument might have merit if the testimony it elicited had come after Ms. Miller had in fact been impeached by the defense with her prior inconsistent statement and the State was seeking to rehabilitate her. However, here the testimony came in during the State's case in chief and thus was untimely and improper. See Erp v. Carroll, 438 So.2d 31 (Fla. 5th DCA 1983); Ryan v. State, 457 So.2d 1084 (Fla. 4th DCA 1984); United States v. Carney, 461 F.2d 465 (3d Cir.1972).
The State "anticipates" impeachment of its own witness by the defense at the State's peril because the option is always with the defense to impeach or not. The defense often quite reasonably does not impeach a particular witness because the defense knows that the evidence that the State is entitled to present on rehabilitation of its witness will be much more harmful to the defense than any benefit derived from an impeachment of that witness. In addition, in such circumstances the State is always vulnerable to the assertion *212 by the defense counsel that he was going to forego impeachment. Furthermore, when a party calls a witness, obtains favorable testimony and then undertakes to anticipate impeachment by introducing the witness' prior inconsistent statement the party is vulnerable to the assertion that it is attacking the credibility of its own witness which is impermissible.[1]
Here the implication is clear that because he was guilty the defendant had caused James Elliot to threaten the witness not to tell the truth. This evidence was highly prejudicial and harmful and its admissibility was objected to and constitutes reversible error. The defendant's conviction is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
COBB, C.J., and ORFINGER, J., concur.
NOTES
[1] Section 90.608(1)(a), Florida Statutes, provides that "any party, except the party calling the witness, may attack the credibility of a witness by: (a) introducing statements of the witness which are inconsistent with his present testimony."