473 So.2d 734 (1985)
Clifford BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1616.
District Court of Appeal of Florida, Second District.
June 7, 1985.
Rehearing Denied July 19, 1985.
*735 J. Marion Moorman, Public Defender, Bartow and Amelia G. Brown, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Migliore, Jr., Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant in this criminal proceeding, Clifford Bell, urges the reversal of his conviction claiming that the prosecutor was improperly permitted to impeach a critical prosecution witness. We affirm the conviction.
Bell and a companion, McBride, were involved in the sale and delivery of cocaine to an undercover detective. Following their arrest, McBride stated under oath that Bell had nothing to do with the drug activity, that they had been friends for many years, that Bell was innocent of the crime and that he was merely in the parking lot to collect money from McBride for the purpose of buying his wife a birthday present. McBride pleaded guilty to the cocaine offense with which he was charged and he testified on behalf of the state in Bell's trial. During McBride's direct examination the prosecutor elicited, over Bell's objection, that McBride had initially lied about Bell's participation in the crime because he was attempting to protect Bell out of friendship. Through such questioning, the prosecutor was seeking to thwart an attack upon McBride's credibility. Cf. Jacobson v. State, 375 So.2d 1133, 1135 (Fla. 3d DCA 1979). That which we denominate as "anticipatory rehabilitation" forms the basis for Bell's challenge to his conviction.
Our research discloses no definitive precedent upon which we sanction the trial technique followed by the prosecutor in this case. It does appear, however, that the Fourth District, in dictum, has condemned anticipatory rehabilitation upon the grounds that it not only "scramble[s] the orderly procedure laid out by the Florida Rules of Evidence, but it robs the defense counsel of an important strategic tool used in cross-examination, that of impeachment of a witness through the use of prior inconsistent statements." Ryan v. State, 457 So.2d 1084, 1092 (Fla. 4th DCA 1984). We do not subscribe to our sister court's view. We find adequate support for our position in analogous circumstances. See United States v. Hedman, 630 F.2d 1184, 1198 (7th Cir.1980), cert. denied, 450 U.S. 965, 101 S.Ct. 1481, 67 L.Ed.2d 614 (1981); United States v. Medical Therapy Sciences, Inc., 583 F.2d 36, 39-40 (2d Cir.1978), cert. denied, 439 U.S. 1130, 99 S.Ct. 1049, 59 L.Ed.2d 91 (1979); Sneed v. State, 397 So.2d 931, 933 (Fla. 5 D.C.A. 1981).
The appellant pins his attack upon the prosecutor's interrogation of McBride to section 90.608, Florida Statutes, asserting that the questions and answers based upon McBride's prior inconsistent statements constituted impeachment outside the statute's boundaries. We certainly do not quarrel with the principle codified in section 90.608(2). Had the challenged interrogation of McBride been intended to attack his credibility, it would have been improper in the absence of McBride's manifesting testimonial hostility during his appearance as a witness on behalf of the state. We do not, however, perceive the prosecutor's questions and McBride's explanation of the reason for his earlier inconsistent statements to be impeachment. Indeed, it is evident the state was seeking to enhance or shore up McBride's credibility by candidly disclosing that at an earlier time he had fabricated the story that Bell was not involved in the crime.
In reaching our decision, we do not ignore the fact, seemingly deemed significant in Ryan, that anticipatory rehabilitation does in some measure diminish a defense attorney's opportunity to shock the jury with the witness' prior inconsistent statements. But, it did not "rob" Bell's attorney of the ability to pursue the inconsistencies in an attempt to undercut the *736 quality of McBride's testimony. On balance, the rehabilitative inquiry undertaken during McBride's direct examination, rather than upon redirect questioning, did not alter the totality of the testimony heard by the jury nor did it impair the jury's task of determining the truth. Indeed, our review of McBride's cross examination reveals comprehensive exploration into the circumstances leading up to and terminating in McBride's initial sworn statement. We find no prejudice to the appellant flowing from the anticipatory rehabilitation of McBride.
Affirmed.
GRIMES, A.C.J., and SCHEB, J., concur.