NESBITT, Judge.
The defendant appeals his conviction of trespass and resisting an officer without violence. We affirm.
The sole issue on appeal is whether the trial court erred by disallowing the defendant’s attorney to question the defendant on direct examination about the specifics of six prior convictions where the defendant had just admitted the convictions in response to questions posed by defense counsel during the same direct examination. We find that the trial court did not err and that the defendant’s reliance on Noeling v. State, 40 So.2d 120 (Fla.1949), is misplaced.
In Noeling, the prosecutor impeached the defendant on cross-examination by eliciting from the defendant that he had been convicted of four misdemeanors. The supreme court ruled that the trial court impermissibly disallowed the defendant on redirect to explain the nature of those convictions to show whether they materially affected his credibility. The court’s decision was based upon the principle that “a party may re-examine a witness about any matter brought out on cross-examina *20 tion.” 40 So.2d at 121. Thus, when a criminal defendant is impeached by the disclosure on cross-examination of prior convictions, § 90.610, Fla.Stat. (1983), the defense counsel on redirect examination may attempt to rehabilitate the defendant by eliciting from the defendant the nature of the prior convictions. Noeling. See Johnson v. State, 380 So.2d 1024 (Fla.1979); McArthur v. Cook, 99 So.2d 565 (Fla.1957); Goodman v. State, 336 So.2d 1264 (Fla. 4th DCA 1976).
In the present case, the defendant’s position might have merit if the testimony sought to be elicited had come after the defendant had been impeached by the state with his prior convictions and defense counsel was seeking to rehabilitate him. The testimony, however, was sought during the direct examination of the defendant.[1] Thus, the questions concerning the specifics of the defendant’s six prior convictions were both untimely and improper and the trial court correctly sustained the state’s objection thereto. See Price v. State, 469 So.2d 210 (Fla. 5th DCA 1985). See also Ryan v. State, 457 So.2d 1084, 1092 (Fla. 4th DCA 1984).
“Anticipatory rehabilitation” not only “scrambles the orderly procedure laid out by the Florida Rules of Evidence,” Ryan, 457 So.2d at 1092, but it also secures the admission of testimony that otherwise might not be permitted to be placed before the jury. In reversing a trial court for permitting the state to anticipatorily rehabilitate a state witness concerning a prior inconsistent statement, the court in Price explained:
The State “anticipates” impeachment of its own witness by the defense at the State’s peril because the option is always with the defense to impeach or not. The defense often quite reasonably does not impeach a particular witness because the defense knows that the evidence that the State is entitled to present on rehabilitation of its witness will be much more harmful to the defense than any benefit derived from an impeachment of that witness. In addition, in such circumstances the State is always vulnerable to the assertion by the defense counsel that he was going to forego impeachment.
469 So.2d at 211-12. Cf. Erp v. Carroll, 438 So.2d 31, 39 (Fla. 5th DCA 1983) (condemning procedure used by a party as “a device or artifice to get into evidence before the jury that which would otherwise be inadmissible” (quoting from Foremost Dairies, Inc. v. Cutler, 212 So.2d 37, 40 (Fla. 4th DCA 1968)).
Accordingly, the judgment on the convictions appealed is
Affirmed.
HENDRY, J., concurs.

. The common practice among defense attorneys of revealing a defendant’s prior conviction on direct examination to "soften the blow" or to demonstrate forthrightness, is arguably contrary to the rule which prohibits a party from attacking the credibility of its own witness. See § 90.608(l)(c), Fla.Stat. (1983). This court, in dicta, however, has indicated that such a practice “is ordinarily a well-justified tactical decision," Wright v. State, 446 So.2d 208, 209 (Fla. 3d DCA 1984), and a number of other courts have apparently sanctioned the procedure without discussion of the rule against impeaching one’s own witness. See Sneed v. State, 397 So.2d 931 (Fla. 5th DCA 1981); Leonard v. State, 386 So.2d 51 (Fla. 2d DCA 1980). The commentators generally do not view the practice as "impeachment” and, therefore, find no conflict with the rule against impeaching one's own witness. See, e.g., C. Ehrhardt, Florida Evidence § 610.6 (2d ed. 1984). The conclusion that revealing prior convictions on direct examination is not impeachment supports our decision that the rule emanating from Noeling, which permits rehabilitation through explanation of the nature of the convictions, is not applicable in the present case. Although in some circumstances the defense is deemed to have “opened the door” so as to allow the prosecutor to ask about the particulars of prior convictions, see McCrae v. State, 395 So.2d 1145, 1151-52 (Fla.1980), cert. denied, 454 U.S. 1041, 102 S.Ct. 583, 70 L.Ed.2d 486 (1981); Nelson v. State, 395 So.2d 176 (Fla. 1st DCA 1980), the defense cannot open the door itself to go into impermissible areas to bolster the defendant’s credibility before that credibility has been attacked.