SCHWARTZ, Chief Judge
(specially concurring).
I concur in affirmance for reasons which differ completely from those assigned by the court.
*21 In the first place, contrary to Price v. State, 469 So.2d 210 (Fla. 5th DCA 1985) and the majority opinion, I agree with the second district’s conclusions in Bell v. State, 473 So.2d 734 (Fla. 2d DCA 1985), and Sloan v. State, 472 So.2d 488 (Fla. 2d DCA 1985), that there is nothing magical about the order in which admissible impeachment and explanatory evidence is introduced at trial. Thus, in the present context, I see no reason to prevent the defendant from any proper effort to mitigate the adverse effect of his previous convictions during his direct testimony. See also Wright v. State, 446 So.2d 208 (Fla. 3d DCA 1984); Sneed v. State, 397 So.2d 931 (Fla. 5th DCA 1981); Leonard v. State, 386 So.2d 51 (Fla. 2d DCA 1980).
I do not however believe — and in this respect also I am seemingly in conflict with the majority in its indication that “the defendant’s position might have merit if the testimony sought to be elicited had come after the defendant had been impeached by the state,” slip op. at 2 — that Lawhorne’s was in fact a permissible attempt to “soften the blow.” In Johnson v. State, 380 So.2d 1024 (Fla.1979), the supreme court, quoting from McArthur v. Cook, 99 So.2d 565 (Fla.1957), indicated the appropriate bases for attempting to explain previous convictions:
If the witness admits prior conviction of a crime, the inquiry by his adversary may not be pursued to the point of naming the crime for which he was convicted. If the witness so desires he may of his own volition state the nature of the crime and offer any relevant testimony that would eliminate any adverse implications; for example, the fact that he had in the meantime been fully pardoned or that the crime was a minor one and occurred many years before. [e.s.]
McArthur, 99 So.2d at 567. But Law-horne’s proffer did not involve any of these appropriate reasons. He sought to show only that each of his multiple previous convictions was entered on a plea of guilty; thus, it would appear, seeking to raise the implication that, because he had admitted guilt in the past, he must not be guilty of the present charges which he specifically contested and denied on the stand. I am aware of no authority which would permit the admission of such testimony upon this bizarre theory. To the extent that it can be categorized at all within accepted evidentia-ry principles, the prior pleas would seem to involve an attempt to bolster one’s credibility by showing that he had told the truth on some previous specific occasions. Such evidence is of course plainly inadmissible.[1] See §§ 90.404-405, 90.609-.610, Fla.Stat. (1983). Thus, I would uphold the exclusion of the evidence not because of when it was offered, but because of what it contained.
Even beyond this — and perhaps this consideration should have come first — I think this case should be disposed of on grounds which would make unnecessary both the majority’s erudite discussion on the merits, including the conflict it creates with Bell and Sloan, and the statement of my quite different views. Lawhorne was found guilty of three misdemeanors on evidence which, in my opinion, overwhelmingly established that he committed not only those offenses, but also a felony on which he was acquitted. In these circumstances, I think it apparent that the trial judge’s ruling on the evidentiary issue was entirely harmless.

. The admission of such testimony would open the door to endless collateral evidence as to all the underlying circumstances — the proposed plea-bargain, the evidence against the defendant, and the like — which led to the guilty pleas in the previous cases and the trial in the instant one respectively. But see § 90.403, Fla.Stat. (1983).