491 So.2d 537 (1986)
Clifford BELL, Petitioner,
v.
STATE of Florida, Respondent.
No. 67434.
Supreme Court of Florida.
July 10, 1986.
J. Marion Moorman, Public Defender, and L.S. Alperstein and Deborah K. Brueckheimer, Asst. Public Defenders, Tenth Judicial Circuit, Tampa, for petitioner.
Jim Smith, Atty. Gen., and Frank Migliore, Jr. and James A. Young, Asst. Attys. Gen., Tampa, for respondent.
SHAW, Justice.
We have before us by petition for review Bell v. State, 473 So.2d 734 (Fla.2d DCA 1985), because the district court of appeal certified that its decision is in direct conflict with Price v. State, 469 So.2d 210 (Fla. 5th DCA 1985). We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution.
Bell and McBride were charged with trafficking in cocaine. Following their arrest and McBride's entering a guilty plea, *538 he stated under oath that Bell had nothing to do with the crime. McBride subsequently testified for the state at Bell's trial.
During direct examination of McBride, and over defense objection that the prosecutor was impeaching his own witness,[*] testimony was elicited that McBride had initially lied to protect Bell. This prosecutorial effort was to thwart the impact of a defense attack on McBride's credibility. The trial court overruled the objection, and the district court affirmed, characterizing the testimony as "anticipatory rehabilitation" rather than impeachment. We agree with the district court that the challenged testimony was admissible and that it was not impeachment because it was not for the purpose of attacking the witness's credibility. Rather, the testimony was offered to take the wind out of the sails of a defense attack on the witness's credibility.
The credibility of witnesses is always in issue. C. Ehrhardt, Florida Evidence § 401.1 (2d ed. 1984). We see no violation to the evidence code in allowing a party to mitigate the impact of inconsistent statements likely to be introduced, nor anything intrinsic to the jury's truth-finding function in an arbitrary requirement that opposing counsel's trial strategy may not be undercut. "Generally the rule against impeaching your own witness has not been interpreted to forbid counsel from asking his own witness on direct examination about prior inconsistent statements or prior convictions when done in an attempt to `soften the blow' or reduce the harmful consequences." Ehrhardt, § 608.2 (citations omitted).
In accordance with the view expressed above, we approve the decision of the district court. We disapprove Price to the extent that its reasoning is inconsistent with our holding in the present case. State v. Price, 491 So.2d 536 (Fla. 1986).
It is so ordered.
McDONALD, C.J., and BOYD, OVERTON and EHRLICH, JJ., concur.
BARKETT, J., concurs specially with an opinion.
ADKINS, J., dissents.
BARKETT, Justice, concurring specially.
I concur in the result reached by the majority since it is limited to admitting only the prior inconsistent statement. I agree that the introduction of Bell's prior inconsistent statement on direct examination was not intended as impeachment. I believe, rather, that the appropriate objection to such a statement on direct examination would be one of relevancy. The purpose of eliciting the testimony was to rehabilitate the witness. Such testimony, however, is not relevant until the opposing party places the trial testimony of the witness in issue by confronting the witness with a prior inconsistent statement. The attempt to "soften the blow" by eliciting the damaging testimony on direct anticipates that the opposing party will place the matter in issue and thus make the rehabilitation relevant.
Admittedly, eliciting such testimony "scramble[s] the orderly procedure laid out by the Florida Rules of Evidence [and] ... robs ... counsel of an important strategic tool used in cross-examination." Ryan v. State, 457 So.2d 1084, 1092 (Fla. 4th DCA 1984), rev. denied, 462 So.2d 1108 (Fla. 1985). If the evidence is going to be heard in any event, I can discern no prejudice. Courts are not in the business of insuring "tactical advantages" to one side or the other without any legal basis. My concern revolves around the almost inevitable consequence of admitting evidence of a prior inconsistent statement, to-wit, the explanation therefor which may take the trial far afield from the issues to be decided. Rather than automatically admitting such contingently relevant evidence, I would allow evidence of prior inconsistent statements during direct examination unless the opposing party waives the use of such evidence during cross-examination. If a jury is going to hear it, it matters not when it is *539 heard. The choice of whether the jury hears it, however, should be left to the party who has the right to submit the issue to the fact finder or to waive it.
NOTES
[*] Impeaching one's own witness is generally proscribed. § 90.608, Fla. Stat. (1981).