491 So.2d 536 (1986)
STATE of Florida, Petitioner/Cross-Respondent,
v.
Charles Wesley PRICE, Respondent/Cross-Petitioner.
No. 67240.
Supreme Court of Florida.
July 10, 1986.
Jim Smith, Atty. Gen., and Paula C. Coffman and Richard W. Prospect, Assts. Atty. Gen., Daytona Beach, for petitioner/cross-respondent.
Samuel R. Mandelbaum and Anthony F. Gonzalez of Anthony F. Gonzalez, P.A., Tampa, and Edward R. Kirkland, Orlando, for respondent/cross-petitioner.
SHAW, Justice.
We have before us by petition for review Price v. State, 469 So.2d 210 (Fla. 5th DCA 1985), due to express and direct conflict with Bell v. State, 473 So.2d 734 (Fla. 2d DCA 1985). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The relevant facts in this case, as stated by the district court, are as follows:
A mistrial was declared at defendant's first trial and he was retried. At the first trial a witness, Sonya Lee Whitlow Miller, testified that she had not received quaaludes from the defendant. At the second trial the State called Ms. Miller and she testified that defendant gave her two quaaludes from a certain bag. Over the objection of defense counsel the trial court then permitted the state attorney to further question the witness to bring to the attention of the second jury that the witness had made a prior inconsistent statement at the first trial, that the prior sworn statement was not true and that the witness had made the prior untrue statement because one James Elliot had twice threatened the witness to the effect that if the witness ever told the truth about anything against the defendant, the witness would be shot.
Price, 469 So.2d at 211.
The district court reversed because 1) "the testimony came in during the State's case in chief and thus was untimely and improper," Id., and 2) the "evidence was highly prejudicial and harmful and its admissibility was objected to and constitutes reversible error." Id. at 212. We approve the decision but disapprove the reasoning to the extent it conflicts with Bell.
A third person's attempt to influence a witness is inadmissible on the issue of the defendant's guilt unless the defendant *537 has authorized the third party's action. See Annot., 79 A.L.R.3d 1156 (1977) and cases cited therein. Here the objectionable evidence ostensibly came in to explain the prior inconsistent statement. Care must be taken, however, not to allow the introduction of unduly prejudicial evidence simply because the evidence is admissible under a different rule. We find that the probative value of the third-party threats to Miller, introduced by the state on direct examination, is far outweighed by its prejudicial impact.[*] This is not to say that inconsistent statements and the explanation for them can never be elicited on direct examination, and we have held to the contrary in Bell v. State, 491 So.2d 537 (Fla. 1986). We disapprove the district court's suggestion that such a procedure is per se erroneous.
The decision of the district court, reversing Price's conviction and remanding for a new trial, is approved.
It is so ordered.
McDONALD, C.J., and BOYD, OVERTON, EHRLICH and BARKETT, JJ., concur.
ADKINS, J., dissents.
NOTES
[*] Although there was no evidence that Price authorized Elliot's threats, the trial court nevertheless was so impressed by this testimony that it exceeded the maximum recommended guidelines sentence several times over on the basis that Price had threatened witnesses.