491 So.2d 276 (1986)
Jerry Lee SLOAN, Petitioner,
v.
STATE of Florida, Respondent.
No. 67421.
Supreme Court of Florida.
July 10, 1986.
James Marion Moorman, Public Defender and D.P. Chanco, Asst. Public Defender, *277 Tenth Judicial Circuit, Bartow, for petitioner.
Jim Smith, Atty. Gen. and James A. Young, Asst. Atty. Gen., Tampa, for respondent.
SHAW, Justice.
We have by petition for review Sloan v. State, 472 So.2d 488 (Fla. 2d DCA 1985), due to express and direct conflict with Price v. State, 469 So.2d 210 (Fla. 5th DCA 1985). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Sloan was convicted and sentenced for burglary of a structure and grand theft. The trial court permitted the state to question a co-perpetrator, Grant, regarding prior inconsistent testimony. The district court affirmed, finding that the state was not attempting to impeach its witness by revealing the earlier inconsistent statements. The district court relied on its decision in Bell v. State, 473 So.2d 734, (Fla. 2d DCA 1985), wherein it sanctioned such revelation on direct examination. We have approved Bell in Bell v. State, 491 So.2d 537 (Fla. 1986), and approve this portion of the district court's decision on the authority of our decision in Bell. The fact that the inconsistencies in the prior testimony and the testimony at trial were revealed on direct examination rather than on cross did not alter the totality of the testimony heard by the jury.
Sloan raises another issue, regarding his sentencing, which has merit. The trial court departed from the recommended sentencing guidelines in this case, citing several reasons. The district court invalidated two of the reasons, but found two reasons adequate. It affirmed in reliance on its holdings in Marshall v. State, 468 So.2d 255 (Fla. 2d DCA), rev. denied, 472 So.2d 1181 (Fla. 1985), and Williard v. State, 462 So.2d 102 (Fla. 2d DCA 1985), that, even if some reasons are invalidated, if one or more remaining reasons are clear and convincing, the enhanced sentence will be affirmed. This holding is contrary to our holding in Albritton v. State, 476 So.2d 158 (Fla. 1985), and its progeny that when a sentence departing from the guidelines is grounded on both valid and invalid reasons the sentence should be vacated and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence. We therefore quash this portion of the district court's decision.
The district court's decision is approved in part, quashed in part and remanded for proceedings consistent with this opinion.
It is so ordered.
McDONALD, C.J., and BOYD, OVERTON, EHRLICH and BARKETT, JJ., concur.
ADKINS, J., dissents.