DELL, Judge.
Petitioner seeks certiorari review of an order directing it to deliver all of J.D.W.’s records for an in camera inspection. Petitioner contends that the trial court departed from the essential requirements of the law because section 415.51, Florida Statutes (1991) does not provide the court with access to “unfounded reports” or the reporter’s name. Section 415.51(10), Florida Statutes (1991), however, makes the reporter’s name available without his or her consent to “employees of the department responsible for child protective services, the central abuse registry and tracking system, or the appropriate state attorney.”
The trial court, at the hearing on the motion to compel discovery, referred to Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and concluded that the respondent had the right to know whether the records contain information necessary to his defense. We agree.
The statute permits a wide array of persons, officials and agencies to have access to the reporter’s name. We find it unreasonable and a denial of due process to respondent to prohibit the court from conducting an in camera inspection to assure that a Brady violation does not occur. We do not see how an in camera inspection of J.W.D.’s records intrudes upon the protection of persons making reports of child abuse or neglect any more than providing such information to the state attorney of the judicial circuit in which the child resides.
*3 We see no conflict with Pennsylvania v. Ritchie, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987), wherein the United States Supreme Court stated:
Given that the Pennsylvania Legislature contemplated some use of CYS records in judicial proceedings, we cannot conclude that the statute prevents all disclosure in criminal prosecutions. In the absence of any apparent state policy to the contrary, we therefore have no reason to believe that relevant information would not be disclosed when a court of competent jurisdiction determines that the information is “material” to the defense of the accused.
Id. 480 U.S. at 58, at 1001-02 (emphasis in original). Similarly, sub judiee, the Florida Legislature has contemplated some use of petitioner’s records in judicial proceedings, as mentioned above.
CERTIORARI DENIED.
WARNER, J., concurs.
GLICKSTEIN, C.J., dissents with opinion.