666 So.2d 176 (1995)
Dennis VANN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-974.
District Court of Appeal of Florida, Fifth District.
December 8, 1995.
Rehearing Denied January 18, 1996.
James B. Gibson, Public Defender, and Dan D. Hallenberg, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin Compton Jones, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
This case is directly on point with Lawhorne v. State, 500 So.2d 519 (Fla. 1986) and because of this a reversal is mandated.
Appellant was asked by his lawyer at trial if he had "ever been convicted of a felony." He said he "pleaded out once." He was then asked why he "didn't take that case to trial." The court would not allow him to answer.
In Lawhorne it was held that a witness, anticipating that he will be asked impeachment questions, may be asked those questions in an attempt to rehabilitate him before the other side tries to discredit him. The court referred to "reduc[ing] the harmful consequence" and "`take the wind out of the sails' of an attack on credibility or to `soften the blow' of anticipated inquiries or revelations."
The court further held that
It is true that by attempting to rehabilitate a witness by having him testify that past convictions were obtained by pleas of guilty, a party opens the door somewhat to allow the other party to question the witness about the reasons for pleading guilty. The difficulty this may present in certain cases is not a sufficient reason to restrict a genuine attempt at rehabilitation. The extent to which a party "opens the door" can be determined and controlled by the court to prevent the parties from wandering too far afield.
*177 Here, it is precisely what was discussed in Lawhorne that is raised here.
REVERSED.
DAUKSCH, GOSHORN and ANTOON, JJ., concur.