679 So.2d 791 (1996)
Okea JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-2310.
District Court of Appeal of Florida, Third District.
July 10, 1996.
Rehearing Denied October 9, 1996.
*792 Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Doquyen T. Nguyen, Assistant Attorney General, for appellee.
Before COPE, LEVY, and FLETCHER, JJ.
FLETCHER, Judge.
Defendant Okea Johnson appeals his conviction and sentence for sale or delivery of cocaine at or near school property and for possession of cocaine [§§ 893.13(1)(c),(6)(a); 777.011, Fla. Stat. (1993)], contending that the trial court erred by restricting Johnson's right to rehabilitate himself on redirect examination. We affirm.
Johnson took the stand to testify on his own behalf. During his cross-examination, the State properly was permitted to bring out Johnson's prior convictions, after which Johnson's counsel attempted to rehabilitate him by having him testify that he had entered guilty or nolo contendere pleas to the prior charges and by asking, "Can you tell the ladies and gentlemen of the jury in this case why you decided to come to trial?" The court then sustained a State objection and prohibited further inquiry along this line. Had Johnson been permitted to answer, his response [the proffer shows] would have been to explain that he pled guilty or nolo contendere to the prior charges because he was guilty of those charges, but in this case he was innocent so he did not plead.
We agree with Johnson that the law allows such rehabilitation. Lawhorne v. State, 500 So.2d 519 (Fla.1986); Hierro v. State, 608 So.2d 912 (Fla. 3d DCA 1992). However, the State argues that if error was committed, it was harmless. With this we agree. Our review of the record reveals that there is no reasonable possibility that the error contributed to the conviction. The extensive evidence of Johnson's guilt in this case leaves no room to conclude otherwise. As a consequence, the error is harmless. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Affirmed.