696 So.2d 491 (1997)
John ZIERMANN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2701.
District Court of Appeal of Florida, Fourth District.
July 2, 1997.
*492 John H. Pelzer and Allyson D. Goodwin of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia Ann Ash, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
While we are not persuaded by appellant's first point on appeal, we are as to his second; therefore, we reverse and remand for new trial.
It was harmful error for the trial court to refuse to permit appellant's counsel to conduct direct examination of his client in accordance with Lawhorne v. State, 500 So.2d 519, 521 (Fla.1986); Johnson v. State, 679 So.2d 791 (Fla. 3d DCA 1996), rev. denied, 689 So.2d 1070 (Fla.1997); and Vann v. State, 666 So.2d 176 (Fla. 5th DCA 1995).
The only eyewitness testimony as to what happened was the conflicting testimony of the victim and appellant. Thus, the credibility of appellant was significant in this case. If the defense had been permitted to ask appellant about the substance of his prior convictions, the jury would have learned that appellant's prior convictions concerned credit card fraud, i.e., not sexual assault type offenses. Furthermore, if appellant had been permitted to explain that he pled guilty in the prior case because he was guilty, the implied assertion would be that he was not guilty in this case because he chose to go to trial. Under these circumstances, it cannot be said beyond a reasonable doubt that the trial court's error did not contribute to appellant's conviction.
GLICKSTEIN, KLEIN and PARIENTE, JJ., concur.