701 So.2d 587 (1997)
William SCURRY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-04869.
District Court of Appeal of Florida, Second District.
October 15, 1997.
Rehearing Denied November 6, 1997.
Susan J. Silverman, Sarasota, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
William Scurry appeals his conviction for sexual battery. He presents several issues for this court's consideration. Because the trial court erroneously prohibited Scurry from testifying about the nature of his prior felony conviction, and because such error was not harmless error, we reverse and remand for a new trial.
Scurry and a co-defendant were charged with the sexual battery of the victim. The two were tried together and Scurry's co-defendant was acquitted. Scurry testified in his own defense. He argues that the trial court erred by not allowing him to testify to the criminal charge underlying his prior felony *588 conviction. He relies on a line of cases that involve allowing a testifying defendant "anticipatory rehabilitation." See Lawhorne v. State, 500 So.2d 519 (Fla.1986); Ziermann v. State, 696 So.2d 491 (Fla. 4th DCA 1997); Johnson v. State, 679 So.2d 791 (Fla. 3d DCA 1996), review denied, 689 So.2d 1070 (Fla. 1997); and Vann v. State, 666 So.2d 176 (Fla. 5th DCA 1995). In Lawhorne, the issue was whether the defendant could testify that he had entered pleas in his prior cases, rather than proceed to trial. The State argues that Lawhorne does not authorize testimony as to the nature of the prior felony conviction itself.
Lawhorne discusses cases that state when a witness is impeached by prior criminal convictions, he may "state the nature of the crime." 500 So.2d at 522. "The party presenting the testimony of the witness may delve into the nature or circumstances of the convictions for the purpose of rehabilitating the witness by attempting to diminish the effect of the disclosures." 500 So.2d at 522 (citations omitted). Scurry wanted to testify that his prior conviction was for a drug offense, not for an offense involving dishonesty or a false statement. In light of the credibility issue involved in this case, Scurry's proposed testimony was relevant. Indeed, in its closing, the State argued, "Convicted felons are not paragons of virtue either. Please consider that when you're evaluating testimony and credibility."
The burden is on the State to prove beyond a reasonable doubt that the error did not contribute to the verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Credibility was clearly an issue. Not only did the jury reject the victim's testimony as to the sexual battery by the co-defendant, but the prosecutor specifically argued Scurry's lack of credibility because of his status as a convicted felon. The physical evidence that connected Scurry to the offense was not clearly convincing. Therefore, the State has not met its burden of showing that the error was harmless and we are required to reverse Scurry's conviction.
We reject without discussion Scurry's remaining issues, except for the issue concerning the denial of his motion to compel the production of the victim's HRS records. In State, Department of Health and Rehabilitative Services v. Lopez, 604 So.2d 2 (Fla. 4th DCA 1992), the Fourth District denied a petition for writ of certiorari to review the trial court's granting of a criminal defendant's motion for in camera review of a juvenile's records. The trial court had concluded that the defendant had the right to know whether the records contained information necessary to his defense.
We agree with Scurry that the court should have conducted an in camera review of the victim's HRS records. In fact, the attorney representing HRS offered to allow the judge to review the files. Although Scurry may have been "fishing," the records may very well contain some information relevant to the victim's credibility and ability to remember. In light of our reversal for a new trial, on remand the trial court shall conduct an in camera hearing of the victim's HRS records.
In conclusion, we reverse Scurry's conviction for sexual battery and remand for a new trial.
SCHOONOVER, A.C.J., and FULMER, J., Concur.