730 So.2d 777 (1999)
Kevin WILLIAMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 97-2457.
District Court of Appeal of Florida, Third District.
March 24, 1999.
Rehearing Denied May 5, 1999.
*778 Bennett H. Brummer, Public Defender, and Christina A. Spaulding, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Christine E. Zahralban, Assistant Attorney General, for appellee.
Before NESBITT, JORGENSON and SORONDO, JJ.
SORONDO, J.
Kevin Williams (defendant) appeals his conviction and sentence for the crime of second degree murder.
The defendant was charged with first degree murder and armed burglary in connection with the killing of Osvaldo "Eddie" Gonzalez. At trial he admitted that he shot and killed Mr. Gonzalez during a marijuana sale but maintained that he did so in self-defense. The state presented testimony at trial which suggested that the defendant killed Gonzalez because the latter refused to sell defendant a set of car rims.
During trial, the defendant testified and presented his claim of self-defense. Before the defendant testified, defense counsel advised the trial judge that he wished to ask defendant about the nature of his prior felonies. The state objected and the trial court sustained the objection and forbade any mention of the nature of the prior offenses. During direct examination, defense counsel asked defendant whether he had ever been convicted of a felony and, if so, how many times. The defendant responded that he had been convicted seven times. Defense counsel additionally asked whether he had gone to trial on any of his prior cases. The state again objected and again the trial judge sustained the objection.
The law is clear that the defendant should have been allowed to explain the nature of his prior convictions, and should have been allowed to tell the jury that he had not gone to trial in his previous cases in order to "`reduce the harmful consequences' by explaining something about the nature or character of the damaging informationin other words, to rehabilitate [himself] before he [was] impeached." Lawhorne v. State, 500 So.2d 519, 521 (Fla.1986). See also Bell v. State, 491 So.2d 537 (Fla.1986); Scurry v. State, 701 So.2d 587 (Fla. 2d DCA 1997); Ziermann v. State, 696 So.2d 491 (Fla. 4th DCA 1997). The Court in Lawhorne stated:
[W]hile the impeaching party may only inquire as to the existence of convictions and their number (or, if the matter be denied, may show the convictions by documentary evidence) the party presenting the testimony of the witness may delve into the nature or circumstances of the convictions for the purpose of rehabilitating the witness by attempting to diminish the effect of the disclosures.

500 So.2d at 522 (emphasis added).
In McArthur v. Cook, 99 So.2d 565 (Fla. 1957), the plaintiff testified at trial. The defense questioned him about whether he had ever been convicted of a crime. The trial judge disallowed this question. On appeal, the Supreme Court held that the existence of a previous conviction of a witness was admissible. The Court also addressed the witness' right to respond to such a question:
If the witness so desires he may of his own volition state the nature of the crime and offer any relevant testimony that would eliminate any adverse implications; for example, the fact that he had in the meantime been fully pardoned or that the crime *779 was a minor one and occurred many years before.
Id. at 567. In the present case the defendant was on trial for the charges of first degree murder with a firearm and armed burglary. During his direct testimony he admitted that he had been previously convicted of seven felonies. He further wished to tell the jury the nature of those crimesall non-violent drug offenses which were not committed with firearms. It is clear that he wanted to avoid "any adverse implications," by establishing that the crimes were "minor" in nature. He had a right to do so and the denial of that right was error.
The dissent observes that Scurry and Ziermann involved prior crimes which were totally different from the crime(s) being tried. It goes on to suggest that in this case "the defendant's seven prior felony convictions were similar to the crime for which he was being tried." The defendant was being tried for the crimes of first degree murder and armed burglaryviolent crimes which are totally different from the defendant's priors. The dissent does not address the trial court's refusal to allow the defendant to tell the jury that he had not gone to trial in his previous cases, information clearly admissible under Lawhorne.
The state's suggestion that any error was harmless is unpersuasive. The evidence in this case boiled down to the testimony of one state witness, himself no saint, and the defendant, who claimed that he killed the alleged victim in self-defense. The credibility of the defendant in this case was, as it was in Ziermann, critical to the deliberations of the jury.
Reversed and remanded for a new trial.
NESBITT, J. concurs.
JORGENSON, Judge, dissenting.
I respectfully dissent. Defendant's claim of self defense was based upon his testimony that during a drug transaction with the victim, the victim became alarmed when defendant's beeper went off and defendant reached for it, revealing his weapon. The victim's response in turn led the defendant to believe that the victim was reaching for a weapon of his own; the defendant then pulled out his firearm and shot and killed the victim.
In my view, the trial court properly prohibited the defense from conducting an anticipatory rehabilitation of the defendant in these circumstances. The court is correct in stating that such testimony is generally admissible to mitigate the State's anticipated attack on a defendant's credibility when it attempts to impeach the defendant on cross examination. See Lawhorne v. State, 500 So.2d 519 (Fla.1986) (holding that defendant could, on direct examination when testifying on his own behalf, bolster his credibility by testifying that in previous convictions he had pled guilty); Bell v. State, 491 So.2d 537, 538 (Fla.1986) (holding that the State could question its witness about his prior inconsistent statements in order "to take the wind out of the sails of a defense attack on the witness's credibility"); Scurry v. State, 701 So.2d 587 (Fla. 2d DCA 1997); Ziermann v. State, 696 So.2d 491 (Fla. 4th DCA 1997); see generally Ehrhardt, Florida Evidence § 608.2 (1998 ed.)
However, that evidentiary rule should not apply in this case. In both Scurry and Ziermann, the defendants were charged with sexual offenses. In Scurry, the defendant sought to testify on direct examination as to the nature of his prior felony conviction, which was for a drug offense. 701 So.2d at 588 ("Scurry wanted to testify that his prior conviction was for a drug offense, not for an offense involving dishonesty or a false statement.... Credibility was clearly an issue."). In Ziermann, the defendant sought to testify about the substance of his prior convictions, which concerned credit card fraud. 696 So.2d at 491 ("If the defense had been permitted to ask appellant about the substance of his prior convictions, the jury would have learned that appellant's prior convictions concerned credit card fraud, i.e., not sexual assault type offenses."). In each case, our sister courts held that such anticipatory rehabilitation was proper to allow the jury to learn that the defendants' prior convictions had not been for sexual crimes.
In both Scurry and Ziermann, the nature of the prior convictions was so far removed from that of the crime charged that eliciting the details of the prior convictions would *780 bolster the defendant's credibility and mitigate the convictions' impact on the jury when the defendant was impeached by the State. In this case, however, the defendant's seven prior felony convictions were similar to the crime for which he was being tried, and the general rule allowing such testimony should not apply.
Even if the testimony should have been admitted, it is difficult to understand how the jurors would have found the defendant more credible if they had learned he had committed seven prior drug-related offenses. In weighing the defendant's credibility, the jurors would have juxtaposed those prior drug-related offenses with the current murder charge that admittedly arose during the commission of yet another drug offense. The defense argument would ask the jury to infer that, despite the inherent risk of violence associated with drug offenses, defendant's seven prior convictions did not involve any murders, and therefore he was not guilty of the murder with which he was charged. However, it is common knowledge that drug transactions often involve the use of firearms and violence. See Reyes v. State, 581 So.2d 932, 933 (Fla. 3d DCA 1991). Therefore, I believe that error, if any, was harmless. See Johnson v. State, 679 So.2d 791 (Fla. 3d DCA) (holding that harmless error analysis applies to evidentiary rulings related to anticipatory rehabilitation), review denied, 689 So.2d 1070 (Fla.1997).
I would affirm.