PER CURIAM.
Kevin Williams appeals an order denying his motion for clarification of sentence. We reverse.
After conviction in circuit court ease number 95-35200 (“the 1995 case”) defendant-appellant Williams entered into a plea bargain for a five-year concurrent sentence in circuit court case number 96-4985 (“the 1996 case”). The plea bargain allowed him to withdraw the plea in the 1996 *1062 case if the 1995 case were reversed and remanded for a new trial.
Subsequently this court reversed the 1995 case and ordered a new trial. See Williams v. State, 730 So.2d 777 (Fla. 3d DCA 1999). On remand the parties entered into a plea bargain for a reduced sentence in the 1995 case. The defendant elected not to withdraw from his plea in the 1996 case. The resentencing documents in the 1995 case did not specify whether the new 1995 sentence would run concurrently with, or consecutive to, the 1996 case.
Thereafter the Department of Corrections took the position that the resentenc-ing in the 1995 case had the effect of causing the sentences in the 1995 case to run consecutively to the sentence in the 1996 case. Defendant requested clarification of the sentencing order, which was denied, and defendant has appealed.
We remand with directions to amend the sentencing order to specify that the sentences in the 1995 and 1996 cases run concurrently. That was the explicit understanding at the time of the plea bargain in the 1996 case, and nothing has happened subsequently to change that agreement.
Reversed and remanded.