NORTHCUTT, Judge.
Jamal Moore’s jury trial for resisting an officer without violence and knowingly driving while license suspended was tainted when the trial court violated his right to a public trial. Therefore, we reverse his convictions and remand for a new trial.
Apparently in the interests of efficiency, the trial court endeavored to have three juries selected during the same session of court, and summoned a venire large enough to empanel all three. During voir dire in Moore’s case, the court sua sponte ordered all spectators out of the courtroom. Defense counsel objected and asked that spectators be allowed to remain. The court refused, explaining that it was devoting all seats and standing room in the crowded courtroom to prospective jurors, and the court feared that Moore’s rights would be prejudiced if a prospective juror overheard comments by another juror, a witness or a spectator. The court also asked the bailiff to exclude a Lake-land Ledger newspaper reporter. The record is unclear whether the reporter was allowed to return to the courtroom to observe the proceedings.
The right to a public trial in criminal cases includes the voir dire process. See Press-Enterprise Co. v. Superior Court of California, 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984). An order closing the proceedings must be founded on the four prerequisites set forth in Waller v. Georgia, 467 U.S. 39, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984):
First, the party seeking to close the hearing must advance an overriding in *927 terest that'is likely to be prejudiced; second, the closure must be no broader than necessary to protect that interest; third, the trial court must consider reasonable alternatives to closing the proceedings; and fourth, the court must make findings adequate to support the closure.
Id. 467 U.S. at 47,104 S.Ct. 2210.
Here, no party requested the closure. We question whether the court’s salutary desire to avoid having prospective jurors influenced by comments they might have overheard sufficiently overrode Moore’s right to a public trial, because the court created the courtroom overcrowding by seeking to simultaneously empanel three juries. Assuming that overcrowding may constitute a valid reason for closing a courtroom, as we held in Wade v. State, 204 So.2d 235, 239 (Fla. 2d DCA 1967), that closure may be no broader than necessary to protect that interest. In Wade, the crowding stemmed from the nature of the case, not from the court’s desire to promote judicial economy by empaneling three juries at once. Here, the reasonable alternative to closure would have been to empanel one jury at a time. Accordingly, we reverse for a new trial.
Also, in Moore’s first trial the State argued that Moore should be prohibited to explain the circumstances giving rise to his prior felony convictions because the convictions were founded on nolo con-tendere pleas, not guilty pleas. The court sustained the State’s objection on that ground. This was error. “The party presenting the testimony of the witness [impeached by prior convictions] may delve into the nature or circumstances of the convictions for the purpose of rehabilitating the witness by attempting to diminish the effect of the disclosures.” Lawhorne v. State, 500 So.2d 519, 522 (Fla.1986) (citations omitted). See also Green v. State, 735 So.2d 568 (Fla. 2d DCA 1999); Scurry v. State, 701 So.2d 587 (Fla. 2d DCA 1997). In our view, it makes no difference that Moore’s prior convictions were based on pleas of nolo contendere as opposed to guilty; either way, he was entitled to explain the circumstances of the convictions. See Johnson v. State, 679 So.2d 791 (Fla. 3d DCA 1996).
Reversed and remanded for new trial.
ALTENBERND, A.C.J., and DANAHY, PAUL W., (Senior) Judge, Concur.