849 So.2d 465 (2003)
Paul BOWLES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-2244.
District Court of Appeal of Florida, Fourth District.
July 16, 2003.
Carey Haughwout, Public Defender, and James W. McIntire, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melynda L. Melear, Assistant *466 Attorney General, West Palm Beach, for appellee.
STONE, J.
We reverse Bowles' conviction and sentence for possession of cocaine and possession of drug paraphernalia. Bowles asserts that the court erred by not allowing him to introduce rehabilitative evidence to counteract the prejudice that would arise from his admitted prior felony convictions. The state does not dispute that this was error. It argues only that the error was harmless. We disagree.
After the state rested, Bowles testified, in anticipation of later impeachment, that he had five prior felony convictions. Bowles was allowed to state that he had not gone to trial on any of the prior charges, but the court sustained the state's objection as to further inquiry into whether the prior convictions had been resolved by guilty pleas.
In Lawhorne v. State, 500 So.2d 519, 522 (Fla.1986), the supreme court recognized that a defendant has a right to explain the circumstances of his prior convictions on direct examination in order to ameliorate the highly negative effect that such evidence was likely to have on the jury's perception of the defendant in terms of his character and credibility. See also Ziermann v. State, 696 So.2d 491 (Fla. 4th DCA 1997).
In Ziermann, we concluded that a defendant must be permitted to explain that he pled guilty in a prior case because he was guilty, the implication to the jury being that, because he elected to go to trial in the present case, he is not guilty. Id. at 492. Here, had Bowles been allowed to testify that he admitted his guilt in the previous instances, the jury might have assigned more weight to his refusal to admit guilt in this case. It follows, applying Ziermann, that denying him the opportunity to do so is error.
Furthermore, we cannot agree that the error was harmless, as Bowles' credibility was plainly at issue where his version of events directly contradicted the version given by the detective. See Goodwin v. State, 751 So.2d 537, 546 (Fla.1999); Ziermann, 696 So.2d at 492. Bowles' testimony on the merits was that he was merely a guest in the house where the contraband was found. Bowles also contradicted the investigating detective's testimony that he had told the detective where the drug paraphernalia would be found. Bowles claimed the contraband was simply found by the police during the search of the apartment.
Accordingly, Bowles' conviction and sentence are reversed and the cause remanded for a new trial. As to the other issues raised on appeal, we find no error or abuse of discretion.
WARNER and STEVENSON, JJ., concur.