PER CURIAM.
Raymond Michael Reese seeks reversal of his convictions and sentences for burglary of an occupied conveyance and robbery by sudden snatching. Reese argues that the trial court reversibly erred in denying him the opportunity to testify that his prior convictions were the result of guilty pleas and to otherwise explain why he did not enter a guilty plea in the case at bar. We agree that the trial court erred in its refusal to allow appellant to testify as to the circumstances of his prior convictions. Lee v. State, 729 So.2d 975 (Fla. 1st DCA 1999); see Lawhorne v. State, 500 So.2d 519 (Fla.1986). In the case under review, Reese’s credibility was a central issue and the prosecution attacked that credibility, in part, by reference to Reese’s prior convictions. Reese sought to present testimony that, in his prior convictions, he had pled guilty because in those cases “I knew I had done something wrong and I accepted my responsibilities;” while in the present case he went to trial because he was not guilty.
As we explained in Lee, such testimony is relevant to the trier-of-fact and potentially beneficial to appellant.
“[I]f appellant had been permitted to explain that he pled guilty in the prior case because he was guilty, the implied assertion would be that he was not guilty in this case because he chose to go to trial.”
[[Image here]]
[1]f [appellant’s] prior convictions were for serious crimes, the inference that [he] entered pleas to them because, unlike this case, he was guilty of those crimes, is strengthened. This allows the permissible inference that [he] admits even serious crimes when guilty.
Lee, 729 So.2d at 979 (quoting Ziermann v. State, 696 So.2d 491 (Fla. 4th DCA 1997)).
Because appellant’s credibility was an issue at trial, it cannot be said, beyond a reasonable doubt, that the error did not affect the verdict. We therefore cannot say the error was harmless. See Scurry v. State, 701 So.2d 587, 588 (Fla. 2d DCA 1997). Accordingly, Reese’s convictions are reversed, his sentences vacated, and the cause is remanded for a new trial.
REVERSED and REMANDED.
BOOTH, VAN NORTWICK and PADOVANO, JJ., concur.