933 So.2d 1294 (2006)
Mitchell WATKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-3302.
District Court of Appeal of Florida, Fourth District.
August 2, 2006.
*1295 Carey Haughwout, Public Defender, and John M. Conway, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, C.J.
Mitchell Watkins was tried by jury and convicted of multiple counts of drug trafficking, possession of drugs and drug paraphernalia, possession of a firearm while committing a felony, and driving with a suspended license. In this appeal, Watkins contends that two erroneous evidentiary rulings and improper comments by the prosecutor during closing arguments compel reversal of his convictions and a new trial. Among the evidentiary rulings complained of was the trial court's refusal to allow Watkins to testify that his two, prior felony convictions were the product of guilty pleas. The State has conceded that, based on the decisions in Lawhorne v. State, 500 So.2d 519 (Fla. 1986), Ziermann v. State, 696 So.2d 491 (Fla. 4th DCA 1997), and Bowles v. State, 849 So.2d 465 (Fla. 4th DCA 2003), the testimony should have been allowed. The State nonetheless invites us to affirm, arguing the trial court's refusal to allow the testimony was harmless. We cannot agree.
A road patrol officer with the Broward County Sheriff's Office initiated a traffic stop of Watkins' car on Alligator Alley and found drugs in an eyeglass container and in two bags in the trunk. Watkins was not, however, alone in the car. He had a female passenger. The eyeglass case was identified as belonging to the passenger and a search of her person revealed a small quantity of marijuana. Watkins claimed that the bags in which the drugs were found belonged to the passenger. While it is true that the State presented evidence that Watkins had confessed to police that the drugs in question were his and that a prescription bottle with Watkins' name on it was found in one of the bags in the trunk, the confession was not *1296 taped, Watkins denied he confessed to police, and Watkins testified his prescriptions were not in the bags in the trunk, but in a Wal-Mart bag. Thus, in the end, this case boiled down to a credibility contest, making the instant case indistinguishable from Bowles, wherein this court held that the trial court's refusal to permit the defendant to testify that his prior cases had been resolved by guilty pleas could not be said to be harmless "as Bowles' credibility was plainly at issue." 849 So.2d at 466. We therefore reverse Watkins' convictions and remand for a new trial.
Because we are remanding for a new trial, we note that we do not believe there is merit in Watkins' additional claim that the trial court abused its discretion in allowing a detective to testify regarding drug dealers' addition of colors or symbols to the baggies in which they distribute their product. Watkins was charged with possession of drug paraphernalia and the State was thus required to prove that the baggies found in Watkins' car qualified as "drug paraphernalia." See § 893.145(9), (10), Fla. Stat. (defining "drug paraphernalia" to include "[c]apsules, balloons, envelopes, and other containers used, intended for use, or designed for use in packaging small quantities of controlled substances" and "[c]ontainers and other objects used, intended for use, or designed for use in storing, concealing, or transporting controlled substances"). Watkins argues the detective's testimony was inadmissible as a consequence of the authority holding that evidence regarding how criminals generally act is not admissible as substantive evidence of a particular defendant's guilt. See, e.g., Dean v. State, 690 So.2d 720 (Fla. 4th DCA 1997). Here, though, the transcript suggests that some of the baggies found in Watkins' car had color, i.e., a prescription pill bottle was found in "a little green plastic bag." Thus, the detective's testimony was specifically tied to the evidence in this case.[1]
Reversed and Remanded.
SHAHOOD and MAY, JJ., concur.
NOTES
[1] Watkins' third point on appeal, challenging comments made by the prosecutor during closing arguments, is moot as a consequence of our reversal on the evidentiary ruling.