NORTHCUTT, Judge.
A jury convicted Stephen Hartley of attempted robbery. He filed a timely motion for posteonvietion relief under Florida Rule of Criminal Procedure 3.850. The posteonvietion court denied relief on all grounds of his motion; some it denied summarily, some after an evidentiary hearing. We affirm the court’s decision without discussion on all grounds except one. We reverse the denial of Hartley’s claim that his counsel was ineffective for failing to ameliorate the negative effect that his admissions to prior convictions might have had on the jury. We remand for an evidentiary hearing on that claim.
In pertinent part, Hartley’s motion asserted that he had pleaded guilty or no contest to his previous charges. He claimed that his counsel was ineffective because he failed to ask the court to instruct the jury that it could not consider *639 these convictions as substantive evidence of his guilt. He also contended that his counsel should have elicited testimony from him about his previous decisions to plead so that the jury might infer that he had decided to proceed with a trial in this case because he was not guilty. This type of testimony is admissible for the very reason Hartley asserts. See Lawhorne v. State, 500 So.2d 519, 523 (Fla.1986). On direct appeal, we have reversed a conviction based on the erroneous exclusion of such testimony. Scurry v. State, 701 So.2d 587, 588 (Fla. 2d DCA 1997); see also Bowles v. State, 849 So.2d 465, 466 (Fla. 4th DCA 2003).
Here, the postconviction court initially ruled that an evidentiary hearing was required on -this ground. But at that hearing, the court interrupted Hartley’s counsel’s attempt to present evidence in support of the claim. The court announced that it was denying the claim because “it is not and cannot be ineffective assistance of counsel to fail to ask the question as to whether or not somebody pled guilty or no contest to prior offenses.” ' In effect, the court summarily denied the claim. In Ottesen v. State, 862 So.2d 30, 31 (Fla. 2d DCA 2003), however, the defendant asserted the same issues in his postconviction motion as Hartley does here. We held that the claims were properly raised in a rulé 3.850 motion. Therefore, in this case the postconviction court erred as a matter of law when it ruled that Hartley’s claims were not cognizable.
We reverse and remand for an eviden-tiary hearing on ground nine in Hartley’s amended motion for postconviction relief.
DAVIS and CANADY, JJ., Concur.