676 So.2d 1045 (1996)
STATE of Florida, Appellant,
v.
Stacey SAMS, Appellee.
No. 95-1250.
District Court of Appeal of Florida, Fifth District.
July 5, 1996.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellant.
*1046 Douglas D. Marks of Potter, McClelland & Marks, P.A., Melbourne, for Appellee.
PETERSON, Chief Judge.
The State of Florida appeals the trial court's order suppressing the results of a blood alcohol test following an automobile accident involving a death. Stacey Sams, from whom the blood sample was drawn, was charged with DUI manslaughter.[1] We vacate the order of suppression and remand for further proceedings.
Officer Bonnie Rinck was asked by her supervisor to accompany Sams in an ambulance as he was transported from the accident scene to the hospital. The supervisor also instructed Rinck to have a blood alcohol test performed on Sams and she complied. Sams moved to suppress the results on the grounds that Rinck had no independent suspicion that Sams was intoxicated and on the grounds that Rinck's supervisor failed to communicate to Rinck his observations warranting the test.
The trial court found that the supervisor did have probable cause to order the test. However, it mistakenly believed that it was Rinck who must personally have sufficient knowledge of the facts in order to require the test. In doing so, the trial court failed to apply the "fellow officer rule" described in Carroll v. State, 497 So.2d 253 (Fla. 3d DCA 1985). Under this rule, if the officer initiating an arrest is ultimately found by a court to have had probable cause to make an arrest or search, it does not matter whether the officer who carried out the directive of the initiating officer had, on his own, a basis to determine that probable cause existed. We note additionally that there is no hyper-technical requirement that certain "magic words" be used by one officer with knowledge of facts supporting probable cause when instructing another officer who ultimately carries out the direction. Id. at 260.
The trial court's reliance on State v. Cooley, 457 A.2d 352 (Del.1983), to support its decision to suppress, is misplaced. In Cooley, the only officer who had sufficient knowledge of facts supporting probable cause did not order the search. In the instant case, in contrast, an officer who had the necessary probable cause, ordered the search.
ORDER VACATED; REMANDED.
DAUKSCH and ANTOON, JJ., concur.
NOTES
[1] § 316.193(3)(c)3, Fla. Stat. (1993).