844 So.2d 688 (2003)
The STATE of Florida, Appellant,
v.
Karim BAGLEY, Appellee.
No. 3D02-18.
District Court of Appeal of Florida, Third District.
April 23, 2003.
Rehearing and Clarification Denied May 14, 2003.
Charles J. Crist, Jr., Attorney General, and Erin K. Zack, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellee.
Before SCHWARTZ, C.J., and GREEN and WELLS, JJ.
*689 WELLS, Judge.
The State appeals the suppression of defendant Karim Bagley's pre-trial photographic identification and confession. We reverse.
On June 7, 2001 an information was filed charging Bagley and two co-defendants with numerous crimes relating to the kidnaping and robbery of a confidential informant during a drug sting. Bagley was charged with armed robbery, kidnaping with a weapon, armed car-jacking, and attempted trafficking in cocaine.
Bagley subsequently filed a motion to suppress alleging that a digital photograph from which the confidential informant/victim identified him was obtained following an unlawful arrest. At the hearing on the motion to suppress, Miami-Dade Police Detective Gerard Starkey testified that he was contacted by the Miami-Dade Police Department Narcotics Bureau regarding the abduction and robbery of a confidential informant by the participants of a drug conspiracy in which the confidential informant had been participating at the behest of the Miami-Dade Police Department and the Federal Bureau of Investigation. Detective Starkey testified that he had been advised that members of the Miami-Dade Police Department and the FBI had seen their confidential informant enter a silver or gray van with a specific Georgia license tag number. Some time later, the informant returned to the officers and agents and advised them that he had been robbed of his jewelry including a gold imitation Rolex watch. The confidential informant provided the officers and agents with the descriptions of the individuals who had abducted and robbed him, described the van they were driving, and provided the license tag number of the van. He also provided the cellular telephone numbers being used by the van's occupants.
The Miami-Dade Police Department issued a BOLO for a gray van, with a specific Georgia license tag number, used in an armed robbery and occupied by three to four males. Using the cellular telephone numbers provided by the confidential informant/victim, the Miami-Dade Police Department also was able to track the van's speed and travel direction. Consequently, the Florida Highway Patrol in the Orlando area was contacted, provided with this information, and advised that the van was headed its way.
According to Florida Highway Patrol Trooper Albert Joseph Renard, some time late in the evening of the abduction/robbery or early the following morning, he received a BOLO describing a gray van with a specific Georgia license plate number occupied by three male subjects who allegedly had been involved in an armed kidnaping and robbery. When he saw a gray van matching the BOLO, he contacted dispatch to confirm that this was the vehicle involved in the armed robbery and kidnaping, and upon confirmation, requested backup, stopped the van, and had the occupants, three males and a female, step out and raise their hands.
According to Renard, the occupants, who were wearing a large amount of jewelry, were patted down for weapons. During the pat down, Bagley, one of the van's occupants, was found to be wearing a gold imitation Rolex watch. The van's occupants were Mirandized, handcuffed, and placed in police cars for transport to the Highway Patrol station. The van was searched and found to contain a bag of U.S. currency.
After they arrived at Highway Patrol Headquarters, the van's occupants were photographed. These photographs were e-mailed to the Miami-Dade Police Department where the confidential informant identified Bagley as one of the men who *690 had kidnaped and robbed him. Upon receipt of this identification confirmation, Bagley was re-Mirandized and admitted participating in the kidnaping and robbery.
At the close of the evidence, the trial court concluded that while the BOLO was sufficient to create a founded suspicion to justify the stop of the van, there was insufficient evidence to support an arrest at either the stop or at the trooper's station. Bagley's motion to suppress was granted. We disagree and reverse.
In reviewing a trial court's ruling on a motion to suppress, appellate courts must accord a presumption of correctness to the trial court's determination of the historical facts, but must independently review mixed questions of law and fact that ultimately determine the constitutional issues arising in the context of the Fourth Amendment. Thus, determinations of probable cause and reasonable suspicion are entitled to a de novo review on appeal. See Moody v. State, 842 So.2d 754 (Fla. 2003); see also Ornelas v. United States, 517 U.S. 690, 691, 116 S.Ct. 1657, 134 L.Ed.2d 911(1996); Melendez v. Sheriff of Palm Beach County, 743 So.2d 1145, 1147 (Fla. 4th DCA 1999).
As observed in State v. Catt, 839 So.2d 757 (Fla. 2d DCA 2003):
"Probable cause is a fluid concept that deals in probabilities, which include common sense conclusions by law enforcement officers." Williams v. State, 731 So.2d 48, 50 (Fla. 2d DCA 1999) (citing Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), and Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)). Probable cause is not the same standard as beyond a reasonable doubt, and "the facts constituting probable cause need not meet the standard of conclusiveness and probability required of the circumstantial facts upon which a conviction must be based." Williams, 731 So.2d at 50 (quoting State v. Heape, 369 So.2d 386, 389 (Fla. 2d DCA 1979)).
The State maintains that the combined knowledge of the officers provided reasonable grounds to believe Bagley had committed a felony. We agree. "The fellow officer rule allows an arresting officer to assume probable cause to arrest a suspect from information supplied by other officers." Voorhees v. State, 699 So.2d 602, 609 (Fla.1997); State v. Sams, 676 So.2d 1045 (Fla. 5th DCA 1996)(concluding that if the officer initiating an arrest is ultimately found by a court to have had probable cause to make an arrest or search, it does not matter whether the officer who carried out the directive of the initiating officer had an independent basis for determining that probable cause existed).
Here, the BOLO and combined knowledge of the officers provided reasonable grounds to believe Bagley had committed a felony, and provided probable cause for the arrest. See § 901.15 Fla. Stat. (2002)("[a] law enforcement officer may arrest a person without a warrant when ... [h]e or she reasonably believes that a felony has been or is being committed and that the person to be arrested has committed or is committing it"). The offenses at issue occurred at approximately 1:45 p.m. The van in which Bagley was traveling was pulled over at approximately 12:30 a.m. based on a description of the van and its specific Georgia license tag. The officer making the stop knew that several men were purported to be inside this specific van and that the van had earlier been involved in an armed robbery. Moreover, cellular transmissions from a telephone number provided by the confidential informant/robbery victim as that being used by those who had kidnaped and robbed him, confirmed the route of flight *691 and tracked the vehicle to the Orlando area where the stop occurred. This information was properly viewed as reliable, having come from the confidential informant/victim as well as from the observations of state and federal agents. See State v. Butler, 655 So.2d 1123, 1130 (Fla.1995)(confidential informant's detailed tip, together with police officer's observation of defendant, gave officer probable cause for warrantless search and arrest). Reasonable grounds existed to support an arrest.
This case is clearly distinguishable from London v. State, 540 So.2d 211 (Fla. 2d DCA 1989), which the trial court found persuasive in granting the motion to suppress. London involved a BOLO that could not provide probable cause for an arrest and was based on information from an unidentified source and a description so general that it also could not provide probable cause. The same cannot be said here.
Accordingly, the order under review is reversed and the cause remanded.